NORMAN A. McLEOD, SHERIFF, &C., APPELLANT, VS. M. WARD, CLOSE & CO., APPELLEES.

1. Where a *Rule Nisi* was taken against a Sheriff, calling upon him to show cause why he should not be compelled to pay over the amount of an execution in his hands, if it shall be made to appear that he had not made the money thereon, the Court has no authority to give summary relief in the premises, by ordering him to pay the money or to stand committed.

2. The plaintiff in an execution has a right to require the same to be returned into office at any time, and for a *false return* his only remedy against the officer is by *action*.

3. Where the money on an execution is shown to have been *collected*, the plaintiff in execution is entitled, under the provision of the 7th section of the act of 1833, to proceed *summarily* against the officer, by *motion* to the Court.

This case was transferred by consent of parties from Jacksonville, and was heard and determined at Marianna, the Hon. J. J. Finley, Circuit Judge, sitting in the place of the Hon. William A. Forward, Associate Justice, who was disqualified by reason of having been of Counsel in the Court below.

For a statement of the facts of the case, reference is made to the opinion of the Court.

DuPONT, C. J., delivered the opinion of the Court.

At the Spring Term, 1857, of the Circuit Court of Marion county, a *Rule Nisi* was taken against the appellant, as Sheriff, to show cause why he should not be compelled to pay over to the appellees the amount of a certain writ of *fi. fa.* then in his hands, wherein the said appellees were plaintiffs and J. H. Peck & Co. were defendants. To this rule the Sheriff answered in writing, denying that he had collected any part of said execution, and assigned various reasons for his failure so to do. Amongst the reasons so assigned he stated that he had ascertained from the record of deeds in the Clerk's office that the legal title to the premises which had been pointed out by the plaintiff in execution, to be levied on, was not in the defendant. Upon this answer coming in, the Judge below caused the following order to be entered upon the minutes of the Court:

"The answer of the late Sheriff, N. A. McLeod, to the Rule against him in this case having been read and argument of counsel having been heard in relation thereto, it is hereby ordered, that the rule be made absolute, and that the said N. A. McLeod do pay over to the plaintiffs the amount of their execution within sixty days, or in default thereof that he be committed to prison and stand committed till the same be paid." From this order an appeal was taken to this Court, and during the pendency of the appeal the death of the appellant has been suggested.

Upon this state of facts two questions have been proposed for our adjudication by the counsel of the appellant: 1st, whether the order of the Court below has not become *nugatory* by the death of the party upon whom it was designed to operate? and 2d, whether it was such an order as was proper to be made in the premises?

With reference to the first point, it is insisted that the order being in the nature of a punishment as for a *contempt*, and designed to operate only on the *person*, the death of the party condemned puts an end to its operative effect; that the appeal and all proceedings had thereon necessarily *abate*, and that the sureties on the appeal bond are exempted from any further liability thereon. As the responsibility of the sureties on the appeal bond is not properly before us in this proceeding, we decline to give or even to intimate an opinion on that point; and indeed from the conclusion at which we have arrived on the second question proposed, a consideration of the *first* becomes wholly unnecessary.

In considering the propriety of the order we need do little more than cite what was said by Thompson, J., in delivering the opinion of the Court in the case of Love, Sheriff, vs. Williams (4 Flo. R. 126), which we think settles the question. In that case, the Court say: "We are not aware of any such proceeding at common law or by the statute of this State which authorizes a summary proceeding by motion or rule against the Sheriff for a false return or for not levying an execution in his hands to be executed. A statute was passed in 1833 authorizing the plaintiff in execution, upon a return of *nulla bona*, to controvert the same and make up an issue thereon to be submitted to a jury in a summary manner, and authorizing a judgment to be entered on the verdict of the jury (Duval's Digest 9, § 8); but this section of the act was repealed by the act of February 15, 1834." (Duval's Digest 13, § 5.)

In that opinion it is further remarked: "The plaintiff has a right to call upon the Sheriff for a legal return upon the process at every term of the Court, by section 8 of the act of March 15, 1844. (Thomp. Dig. 355.) If the return is false, as where the Sheriff returns *nulla bona*, when he might have made the money or has given undue preference to a writ subsequently delivered, the plaintiff must resort to

his action on the case for a false return for not levying the writ. (Tidd's Prac. 1022.) In such action the facts upon which the liability of the Sheriff is claimed to be founded, as well as his defence, will, under the guidance and instruction of the Court, be passed upon by a jury. This is his right, and he cannot be deprived of it without his express consent."

In the case before us, the Sheriff *denies the receipt of any money* upon the execution, and in his answer to the rule assigns his excuse for the failure to make the money. The facts upon which this excuse was founded, in the words of the opinion above cited, constituted "his defence," and it was his right to have them "passed upon by a jury." Had it been made to appear *that the money had been collected*, then, under the provision contained in the 7th section of the act of 1833, the plaintiff in execution might have proceeded summarily against him to compel the payment over. That section is in the following words: "If the Sheriff shall fail or refuse to pay over money by him collected within thirty days after the same shall have been by him received, upon demand made by the plaintiff or his attorney of record, he shall be liable to pay the same and twenty per cent. damages, to be recovered *by motion in Court;* provided, ten days previous notice be given him of the intention of the person claiming the money to make such motion." (Thomp. Dig. 358.)

We are of opinion that the judge of the Circuit Court had no authority to make the order complained of. It is therefore ordered and adjudged that the decision of the Circuit Court upon the *Rule Nisi* be reversed with costs, and that the order made thereon be directed to be vacated, annulled and set aside:

It is further ordered that a transcript of this judgment be made by the Clerk of this Court, duly authenticated under his seal of office, and that he forward the same to the Deputy

Clerk of the Supreme Court at Jacksonville, to be entered upon the minutes of the Court at that place, as of February Term, 1860.