JAMES E. JOHNSON, *Petitioner,* v. JOHN PRICE, SHERIFF
OF DUVAL COUNTY, FLORIDA, *Respondent.*

1. The sheriff of the county in which the Supreme Court is held,
   is by statute the sheriff of the court.
2. All the sheriffs of the counties of this State are *ex-offico*
   deputies of the sheriff of this court.
3. Each sheriff is required in person or by deputy to execute all
   process of this court to be executed in his county.
4. Section 1252, Rev. Stats. of 1892, provides a summary remedy
   for the failure or neglect of a sheriff or deputy to execute any
   writ and make due return thereof, without regard to, and in-
   dependent of the question of damages to the party suing out the
   writ.    This section is not unconstitutional as depriving the
   officer of a right of jury trial, and this court has jurisdiction to
   entertain proceeding under it to enforce its own lawful process
   and writs.
5. Where an execution is formally defective and amendable, and
   in a proceeding like the present one, the officer does not
   question its sufficiency, it is his duty to execute and return it,
   as directed by the statute law, within a reasonable time.

This case was decided by the court *En Banc.*

This is a case of original jurisdiction.

## Statement.

On May 6th, A. D. 1902, this court rendered a judg-
ment for $20.55 costs against William Atkins in favor of
James E. Johnson in a cause wherein James E. Johnson was
plaintiff in error and William Atkins as surviving partner
was defendant in error (44 Fla. 185, 32 South. Rep. 879).
On October 1st, 1903, an execution for said sum was issued
by the clerk of this court.   On March 2nd, 1904, a motion
was made in this court by Johnson under section 1250, Re-
vised Statutes, to amerce John Price, the sheriff of Duval
county, for not executing and returning the execution.   The
motion alleges that the execution, immediately after its
being issued, was placed in the hands of the said sheriff,

with instructions to levy it at once, and that the deputy sheriff who received it stated that Atkins then had a plenty of property; that hearing nothing of the matter Johnson by due course of mail, on the twenty-fourth of October, 1903, wrote to Price, and in the letter enclosed an abstract of certain pieces of property subject to said execution; that there was no response to said letter; that on November 9, 1903, Johnson by letter to Price, again urged him to levy the execution, and asked for information; that no attention was paid to said letter, and that Price up to the present time has failed and refused to obey the order of this court as contained in said execution.

The movant avers that Price has not executed said writ, nor has he made return thereof, and moves under section 1250, Revised Statutes of 1902, that an order be made ordering John Price, sheriff, to forfeit unto James E. Johnson the sum of $100, or show by a day certain sufficient cause for his failure and neglect in the premises. A rule nisi was issued and a return made thereto. The return admits that the execution was issued and that it was delivered to his deputy on October 3rd, 1903, and avers in substance that the letters of Johnson to Price of October 24th and November 9th, 1903, were probably received by Price or his office deputy; that Price, as soon as he had notice of said writ, instructed his deputy to give it prompt attention, and that he never refused or neglected to execute the writ or collect the money, except so far as the collection thereof was delayed by his deputy, for reasons set forth in the affidavit of the deputy attached as a part of the return, and for reasons in this return set forth; that shortly after said writ came into his possession he and his deputies were busily engaged performing duties incident to the terms of court then soon to be held in said county, and states the various terms of the Circuit Court, County Court and Criminal Court of Record, covering the time from October 12th, 1903, to March 7th, 1904; that the work of summoning jurors and witnesses for these courts was enor-

mous, and that it was almost impossible to give the enforcement of executions immediate and prompt attention; that if respondent had complied with the instructions of movant in levying his execution respondent would have been guilty of an excessive levy, as the property was worth $1,300, and he believes Atkins would pay the execution without such an expense; that inasmuch as Johnson delayed from May 6th, 1902, until October 1st, 1903, in having the writ issued respondent ought not to forfeit $100 for not immediately collecting said execution; that on March 15th, 1904, respondent did see Atkins and did collect the amount of said execution and forwarded same, $22,55, with his return thereon to B. B. Wilson, clerk of this court, and thus having shown sufficient cause for delay in collecting said execution prays that the rule against him be discharged. Divers affidavits were filed on both sides, and upon the argument on the return day the movant's attorney moved for a judgment to be entered in his behalf under section 1250, Revised Statutes of 1892, for $100.

*John L. Doggett* for petitioner.

*D. U. Fletcher* for respondent.

HOCKER, J. (*after stating the facts*).—The sheriff of the county in which the court is held is the sheriff of this court. Section 1322, Rev. Stats. of 1892.

The sheriff of Duval county is *ex officio* a deputy of the sheriff of this court. Section 1324, Rev. Stats. of 1892.

Each sheriff is required in person or by deputy to execute all process of this court to be executed in the county. Section 1241, Rev. Stats. of 1892.

The return does not question the regularity of the execution, or the constitutionality of the section (section 1250, R. S. 1892) on which this proceeding is based. In the briefs of the respondent's attorney, however, great

stress is laid on these points. As we have carefully examined these objections they will be briefly discussed.

The execution was directed "To the Sheriff of the Supreme Court of said State (Florida), Greeting," and the sheriff was commanded "that you have the said sum of money before the justices of said court at Tallahassee, when satisfied." As the judgment was for costs, it should have followed section 1341, Revised Statutes (1892), and have been directed "to all and singular the sheriffs of the State of Florida, and returnable in ninety days from the date of the issuance thereof." The clerk seems to have followed an old form in use before the adoption of the Revised Statutes in 1892. The defendant has never refused to execute the writ because of these defects, nor does he in his return set up these defects as an excuse for his failure to so execute it. On the contrary he returns that he received and accepted the writ for the purpose of executing it, and that he did in fact execute it by collecting the money due upon it after these proceedings were begun. Whether the defects pointed out would justify the officer in refusing to execute the writ it is not necessary for us to decide as we have no doubt that these defects were amendable, and that they did not render the execution void, and, therefore, constitute no defense to the sheriff under the circumstances stated above. 1 Freeman on Execution (3rd ed.), sec. 103; 8 Ency. Pl. & Pr. 384, 386, 389, 397.

In Missouri it is held that though an execution be made returnable to an improper time, the sheriff must take notice of the law and return it as required by law. *Milburn v. State*, 11 Mo. 188; *Estes v. Long*, 71 Mo. 605; 1 Freeman on Executions (3rd ed.), sec. 44.

Section 1252, Revised Statutes of 1892, provides: "Every sheriff or deputy failing to execute any writ or other process, civil or criminal, to him legally issued and directed within his county, and make due return thereof where such process shall be delivered to him in time for execution, shall forfeit one hundred dollars for each neglect, to be paid

to the party aggrieved, by the order of the court upon motion and proof of such delivery, unless such sheriff or deputy can show sufficient cause for such failure or neglect to the court." This section provides a summary remedy for the failure or neglect of a sheriff or deputy to execute any writ and make due return thereof without regard to the question of damages to the party suing out the writ. This section was doubtless intended in part to afford a speedy method of compelling officers to obey the commands of the writs of the courts, and thus aid them in executing their duties in declaring and enforcing the law. It is purely a statutory remedy, and is taken from chap. 997, laws of 1859, which was passed after the facts arose which were passed on in *McLeod v. Ward, Close & Co.,* 9 Fla. 18.

At common law it seems that a sheriff was liable to be ruled and held in contempt and amerced for failure to execute a writ, or for not making a return. This was a summary remedy.

The plaintiff also had his remedy against the sheriff in an action on the case for damages. 8 Bacon's Abr. 689 (Title, Sheriffs); 7 Comyns' Dig. 284, 285, 286; 1 Tidd's Pr. marg. p. 307; 2 Tidd's Pr. 1017, 1018; Cary's Ch. Rep. 62; 12 Modern Rep. *349; 3 Freeman on Executions (3rd ed.) sec. 367, 368, 369.

There does not appear to have been any right of jury trial in this summary proceeding by attachment. Our statute (section 1250) is but a modification of this common law method of enforcing a return, and for punishing the negligence of a sheriff in executing writs. We do not think it infringes any common law right of jury trial as set forth in *Wiggins v. Williams,* 36 Fla. 637, 18 South. Rep. 859, nor is it a substitute for the remedy by action at law for damages. *Wells v. Caldwell,* 1 A. K. Marshall (Ky.) *441; *Lewis v. Garrett's Admr.* 5 How. (Miss.) 434. We have no doubt that in an action on the case for damages against the sheriff by an execution creditor for failure to make a return or false return, or for giving undue preference to

a junior execution, the defendant as well as the plaintiff will be entitled to a jury to try questions of fact as was held in *Love v. Williams,* 4 Fla. 126, and *McLeod v. Ward, supra,* but we do not regard this statutory proceeding as a substitute for an action upon the case, but merely as a statutory regulation of the common law jurisdiction of the courts to enfore the execution and return of writs, and to punish the negligence and misconduct of sheriffs in respect thereto, which power rested with the courts without the aid of a jury, and therefore, the statute does not infringe that provision of the constitution securing the right of trial by jury. Nor do we think that the return of the sheriff shows reasonable diligence in executing the writ, or any other adequate defense. The fact that the plaintiff in execution had suffered no material damage is no defense. 3 Freeman, *supra,* section 368. The execution was placed in his hands on the third of October, 1903, and had not been executed when this proceeding was begun on March 2nd, 1904, about five months. It appears that he had no difficulty in collecting the money after this proceeding was commenced. He was several times urged by the plaintiff to levy the writ upon property which was subject to it. He did nothing. The fact that several courts were in session during that time is no defense. He should have had a sufficient force of deputies to aid in his duties. 25 Amer. & Eng. Ency. of Law (2nd ed.) 689, 690. A sheriff is required to use at least reasonable diligence in executing writs. Murphree on Sheriffs (2nd ed.) sec. 108, bottom page 56; *Idem,* sec. 107a, 108a, bottom page 670; secs. 543, 565.

This court, though vested with appellate jurisdiction only (except in certain specified cases) has jurisdiction to entertain proceedings under the statute with respect to its own lawful process and writs. *Mitchelson's Adm'r. v. Foster,* 3 Met. (Ky.) 324; *Bank of Tennessee v. Cannon,* 2 Heisk. (Tenn.) 428.

It is, therefore, hereby considered, ordered and adjudged that the respondent John Price, for his failure and neglect to execute the said process of this court to him lawfully delivered for execution, do forfeit and pay to James E. Johnson, the party aggrieved thereby, the sum of one hundred dollars, together with the cost of this proceeding to be taxed by the clerk of this court, and that execution do issue therefor by the clerk of this court.

TAYLOR, C. J., and COCKRELL, SHACKLEFORD, WHITFIELD and CARTER, JJ., concur.