REX SWEAT, as Sheriff of Duval County, v. FLORENCE WALDON, a Widow.

167 So. 363.
Division B.
Opinion Filed March 28, 1936.
Rehearing Denied April 23, 1936.

*Edward S. Hemphill,* for Petitioner;

*Hampton, Jordan & Lazonby,* for Respondent.

TERRELL, J.—A summons in chancery was issued from the Circuit Court of the Eighth Judicial Circuit directed to certain defendants residing in Duval County in the Fourth Judicial Circuit, and returnable to the March, 1935, rules. Counsel for complainant forwarded said summons to the Sheriff of Duval County promptly and it reached him on February 21, in time to be served effective for March rules as was requested. The Sheriff notified counsel for complainant that he was operating his office on a cash basis, that the cost of making the service would be $2.20, and it would be made without delay on receipt of that amount.

The complainant filed his motion in the Eighth Judicial Circuit for a rule directed to the Sheriff of Duval County to show cause why the penalty provided in Section 2886, Revised General Statutes of 1920, Section 4583, Compiled General Laws of 1927, should be imposed on him for failure to serve the process as directed and trust the complainant for payment. A rule was issued in response to the motion, the Sheriff filed a plea of privilege attacking the venue, a demurrer to that plea was sustained, a motion to dismiss and a return were then filed, à demurrer to the return was sustained, and on refusal to plead further the court entered

his judgment imposing a penalty on the Sheriff in favor of complainant. The Sheriff now seeks to have that judgment reviewed by certiorari.

Numerous questions are urged here for determination, but they all turn on the question of whether or not the Judge of the Eighth Judicial Circuit was empowered under Section 2886, Revised General Statutes of 1920, to penalize the Sheriff of Duval County in the Fourth Judicial Circuit for refusing to serve the summons in chancery placed in his hands prior to exacting payment for such service.

That certiorari is the proper method to review a judgment of this kind is not seriously challenged. It lies where the power of the court to enter the judgment is challenged where the law provides no direct appellate proceeding to review it. Malone v. City of Quincy, 66 Fla. 52, 62 So. 922; Great American Ins. Co. v. Peters, 105 Fla. 380, 141 So. 322.

The penalty complained of·was imposed pursuant to Section 2886, Revised General Statutes of 1920, Section 4583, Compiled General Laws of 1927, which is as follows:

"Every sheriff or deputy failing to execute any writ or other process, civil or criminal, to him legally issued and directed within his county and make return thereof, where such process shall be delivered to him in time for execution, shall forfeit one hundred dollars for each neglect, to be paid to the party aggrieved, by the order of the court, upon motion and proof of such delivery, unless such sheriff or deputy can show sufficient cause for such failure or neglect to the court."

In answer to the challenge that the provisions of the venue statute, Section 2579, Revised General Statutes of 1920, Section 4219, Compiled General Laws of 1927, must be observed in penalizing the Sheriff under the Act as

quoted, it is sufficient to say that the latter Act provides a summary remedy for the failure or neglect of the Sheriff or his deputy to execute any writ or other process placed in his hand and make due return thereof, without regard to, and independent of the question of damages to the party suing out the writ. The Act is not unconstitutional as depriving the Sheriff of a right of trial by jury and the circuit courts have jurisdiction under it to entertain summary proceedings to enforce service of its lawful process and writs. Johnson v. Price, 47 Fla. 265, 36 So. 1031. Section 2579, Revised General Statutes of 1920, prescribing the venue of actions, has no application to proceedings under Section 4583, Compiled General Laws of 1927.

But it is contended that the penalty and amercement provision of Section 4583, Compiled General Laws of 1927, applies only to process legally issued and directed within the county where the Sheriff in which it was issued resides. This contention is answered by Section 2594, Revised General Statutes of 1920, Section 4234, Compiled General Laws of 1927, which provides that in all civil cases summons shall run throughout the State of Florida and be directed to all and singularly the Sheriffs of the State. The two Acts must be read together and when so done the duty of the Sheriff is clear. The summons in question was directed to defendants in Duval County and it became the duty of the Sheriff of that county to serve it.

At common law Sheriffs were subject to be ruled in contempt and amerced for failure to execute process placed in their hands and making the proper return thereon. This was a summary remedy, so Section 4583, Compiled General Laws of 1927, did nothing more than to re-enact the common law.

Had the Sheriff of Duval County the right to demand

compensation in advance for his services in executing the summons? This appears to be the pith of the controversy.

The office of sheriff is one of ancient origin. Its creation goes back to the time of King Alfred of England and maybe further. The holder of the office has always been the chief executive officer and conservator of the peace in his county. At the early common law he was required to perform his duty gratuitously, but under later English statutes and under the law generally he is now allowed compensation, but that being in derogation of the common law, statutes authorizing it should be strictly construed. Being a creature of the statute, a sheriff's compensation may be regulated as to amount, time, and manner of payment as the Legislature sees fit to direct.

Fees collected by the sheriff represent the charges which the State makes for services rendered by it through him, and constitute a fund subject to the control of the State to be applied as the Legislature directs. Flood v. State, *ex rel.* Board of County Comm'rs, 100 Fla. 70, 129 So. 861. Fees received by sheriffs in excess of their yearly compensation and expense of collection are held in trust to be accounted for as required by law. Section 2891, Revised General Statutes of 1920, Section 4588, Compiled General Laws of 1927, prescribes the fees of sheriffs generally, but as applied to Duval County they are fixed by Chapter 14666, Acts of 1931.

Since the fees collected by the sheriff represent a charge made by the State for his services and the excess is covered into the treasury the sheriff becomes the trustee of the State to collect and properly account for them. In addition to requiring the sheriff to collect his fees the law requires the State Auditor to audit his books and report any delinquency in such collection. Section 231, Compiled General

Laws of 1927. Section 7497, Compiled General Laws of 1927 imposes a penalty on the Auditor who fails to make a proper audit of the books of any county officer and Section 7498, Compiled General Laws of 1927, imposes a penalty on any county officer who wilfully fails to produce his records and books to be audited.

The sheriffs in this State are required to operate their offices under a budget system provided by Chapter 14678, Acts of 1931, and Chapter 15939, Acts of 1933. Under the budget Acts the sheriff's office is restricted in its expenditures and is required to collect the fees from which these expenditures are made. All these funds must be accounted for and the sheriff is held accountable for them and required to give bond for the faithful performance of his duty.

The administration of justice should not be unduly hindered by restrictions laid on the sheriff's office either by statutes or by the sheriff himself. The auditing and budgetary systems under which the sheriff's office is required to be conducted force him to a strict system of accounting and bookkeeping. The law requires that he conduct his office with justice to all and make full and complete account of his doings.

In view of these requirements which we will not detail, we are driven to the ineluctable conclusion that the sheriff may run his office on a cash basis and require compensation for service of process in advance. It is competent for the Legislature to impose such a requirement and when all Acts affecting the sheriff's office are read together it has to all intents and purposes done so.

It follows that the judgment must be and is hereby quashed.

484

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.