## RICHARD FIELDS v. STATE OF FLORIDA

36 So. (2nd) 919                                      June Term, 1948.
October 5, 1948                                              En Banc

M. S. McGregor, for appellant.

J. Tom Watson, Attorney General, and Ernest W. Welch, Assistant Attorney General, for appellee.

ADAMS, J.:

We review a conviction of assault with intent to murder. The evidence disclosed that the appellant's wife summoned a deputy sheriff to come to their home and arrest her husband

because he had violently assaulted her and was trying to kill her. The wife at that time showed evidence where she had recently been violently assaulted by her husband. Without a warrant the deputy sheriff proceeded to the home of the appellant and upon entering informed him that he was under arrest. Appellant knew the deputy sheriff was an officer. He pointed to his wife and stated that she was the cause of his trouble. Without provocation appellant assaulted the deputy sheriff and in the struggle seized the officer's pistol and a prolonged struggle followed for the possession of the weapon. In the course of the struggle appellant told the officer that he was going to kill him. Finally, the officer secured possession of the pistol and threw it in the yard. Appellant ran for the pistol and the officer fled from the scene. When appellant was next seen, some three days later, he was arrested in an adjoining county.

Appellant claims that the officer had no authority to arrest him inasmuch as he had no warrant for his arrest and that no crime was committed in his presence. This is beside the point. The question is whether the appellant made an unlawful assault upon the officer as charged. Under the evidence of the state, which the jury had the right to believe, the appellant was the aggressor in the altercation and made the assault accompanied with threats that he would kill the deputy. He was not resisting an unlawful arrest but on the contrary he provoked the difficulty and was the aggressor. It, therefore, is immaterial whether the officer had technically made a lawful arrest, or was about to make one. The fact that an officer may be momentarily exceeding his lawful authority (which we do not hold was the case here) in the discharge of his duty does not justify an unlawful assault upon him.

There is frequently presented in cases of this character a twilight zone of whether the officer is acting with or without authority to make an arrest. The law of this state by statute makes the sheriff and the deputy sheriff officers to conserve the peace and authorizes them to make arrests. See Section 30.15, Fla. Stat., 1941, F.S.A. (Cumulative supplement.) This is merely a restatement of the common law. In this instance the officer was summoned by the wife of the appellant

to go to their home and to protect her from being killed. There was every indication that she had met with violence from her husband. Under these circumstances the officer was making a lawful arrest. See Presley v. State, 75 Fla. 434, 78 So. 532, 1918D L.R.A. 975; Cortes v. State, 135 Fla. 589, 185 So. 323; Rogers v. State, 158 Fla. 582, 30 So. 2nd 625. There were conflicts in the evidence however we have accepted the findings of the jury which we find substantiated by ample evidence.

On cross-examination appellant was asked, "State whether or not on October 3, 1938 you were convicted on a charge of armed robbery and sentenced for ten years?" This question was not objected to and no motion was made to strike the question or answer. The law is settled that in the absence of such precaution taken we will not put the lower court in error in that regard.

Affirmed.

TERRELL, CHAPMAN, BARNS and HOBSON, JJ., concur.

SEBRING, J., agrees to the conclusion.

THOMAS, C. J., dissents.