John E. Polk Sheriff Seminole County Sanford
QUESTION:
Does the sheriff or the county fire department have the ultimate authority to investigate arson in the county?
SUMMARY:
The sheriff, by law, and the county fire department, by county ordinance, have concurrent responsibility in the investigation of fires of a suspicious origin in the county; however, because the sheriff is an elected constitutional officer and conservator of the peace in the county, in the case of any conflict between the sheriff and the county fire department with regard to any investigation of arson or the enforcement of the arson law, the power of the sheriff is paramount.
The sheriff is a constitutional officer as provided by s. 1(d), Art. VIII of the State Constitution. Section 1(d) creates the office of the sheriff in each county of the state and provides for his election and term of office. The office of sheriff is historically derived from the common law of England. The Supreme Court in Sweat v. Waldon, 167 So. 363 at 364 (Fla. 1936), stated: `The office of sheriff is one of ancient origin. Its creation goes back to the time of King Alfred of England, and maybe further. The holder of the office has always been the chief executive officer and conservator of the peace in his county.' See also Fields v. State, 36 So.2d 919 (Fla. 1948).
The general powers, duties, and responsibilities of the sheriff are set forth in s. 30.15, F. S.; the sheriff's deputies have the same powers as the sheriff. See s. 30.07, F. S. Among the powers, duties, and responsibilities of the sheriff, as provided in s.30.15, is the power and duty to `[b]e the conservator of the peace in his county.' Section 30.15(5). As conservator of the peace, it is the primary duty of the sheriff to uphold and enforce the criminal laws of the state. Section 806.01, F. S., makes arson a felony of the first or second degree, depending upon the knowledge of the perpetrator or the factual circumstances. Further, as conservator of the peace in the county, the sheriff has other duties and responsibilities delegated to him by statute. Also, in addition to the above, s. 26.49, F. S., provides that the sheriff shall be the executive officer of the circuit court of the county.
The county fire department derives its power, authority, and responsibility from county ordinances adopted pursuant to general or special law. See s. 125.01(1)(d), F. S., and Ch. 74-609, Laws of Florida. Violations of county ordinances are to be prosecuted in the same manner as misdemeanors, punishable by a fine not to exceed $500 or by imprisonment in the county jail not to exceed 60 days or by both such fine and imprisonment. See s. 125.69, F. S., as amended by Ch. 79-379, Laws of Florida, effective October 1, 1979.
Seminole County Ordinance No. 1.11, provides:
 a. The Fire Official or his duly authorized agent shall investigate promptly the cause, origin and circumstances of each and every fire occurring in his jurisdiction involving loss of life or injury to person or destruction or damage to property, and if it appears that such fire is of suspicious origin, the Fire Official shall take immediate charge of all physical evidence relating to the cause of the fire and shall pursue the investigation to its conclusion. A report in writing shall be made of all facts and findings relative to each investigation.
 b. The Law Enforcement Department shall assist the Fire Department in its investigation whenever requested to do so.
Assuming the validity of this ordinance, as this office must for any duly enacted legislation, Ordinance No. 1.11 invests the county fire official with the duty and responsibility to promptly investigate the cause and origin of all fires occurring in the county, including those of a suspicious nature which might ultimately be determined to be arson, as defined by s. 806.01, F. S. However, this ordinance does not purport, nor should it be so construed, to grant the fire official the authority to make arrests, with or without warrant, serve summons, or enforce the criminal laws, these powers being vested in the sheriff. The police power of the state in such particulars must be delegated by law. Cf. AGO's 078-132 and 078-56. Therefore, while the ordinance imposes a duty upon the county fire official to investigate fires of a suspicious origin, the authority to enforce the arson and other criminal laws, make arrests, with or without warrant, serve summons, and make searches and seizures is vested by the Constitution, statutes, and common law in the sheriff. Because the sheriff is an elected constitutional officer whose authority is derived from the Constitution and common law, as well as from the statutes, any attempt by the county to divest or subordinate the authority of the sheriff in the enforcement of the criminal laws of this state, including arson, would be beyond the authority of the county. Cf. Alachua County v. Powers, 351 So.2d 32 (Fla. 1977), in which the Supreme Court clarified the fiscal duties of the clerk of the circuit court, serving in his capacity as clerk of the board of county commissioners, auditor, recorder, and custodian of all county funds. The court, after indicating that the clerk is a constitutional officer who derives his authority from both the Constitution and general law, stated, at page 37, that any attempt by the board of county commissioners to, by ordinance, `create an independent county auditing department, which is not an independent auditing firm, is beyond the authority of the board.' The court then went on to say that `[t]he Clerk has the authority and responsibility to perform the auditing functions both as an arm of the board in auditing the records of constitutional officers and as a watchdog of the board in the case of pre-auditing accounts of the board in determining legality of expenditure.' Id. at 37. See also White v. Crandon, 156 So. 303
(Fla. 1934).
Nevertheless, it is apparent that there is, by virtue of the county ordinance, an overlapping of authority and duties of the sheriff and the county fire department of Seminole County regarding the investigation of fires of a suspicious nature. Because the fire chief, under the ordinance, and the sheriff, under the common law and statutes, have concurrent responsibility with respect to the investigation of fires of suspicious origin within the county, they should cooperate fully in their mutual exercise of such authority for the protection and safety of the citizenry. As this office stated in AGO 071-195A:
 [P]rofessional and efficient law enforcement in many instances requires [cooperation, including notification of an alleged criminal violation or investigation thereof] so that the maximum effort may be exerted by all law enforcement agencies in the hope that the commission of crime is promptly detected and the alleged perpetrator thereof promptly apprehended.
However, if there is any conflict between the sheriff and the county fire department with respect to investigations of suspected arson and enforcement of the arson law, the power of the sheriff is paramount. The sheriff, an elected constitutional officer, is the chief executive officer and conservator of the peace in the county and, as the executive officer of the circuit court in the county, has the primary duty and responsibility for offenses tried in the circuit court, in this case the serious felony of arson.See Advisory Opinion to the Grand Jury of Leon County, January 1971, by Judge Guyte P. McCord, Jr., quoted and adopted in AGO 071-195.
In conclusion, the sheriff, by law, and the county fire department, by county ordinance, have concurrent responsibility in the investigation of fires of a suspicious origin in the county; however, in the case of any conflict between the sheriff and the county fire department with regard to any investigation of arson or the enforcement of the arson law, because the sheriff is an elected constitutional officer and conservator of the peace in the county, the power of the sheriff is paramount.
Prepared by:
Craig B. Willis Assistant Attorney General