409 So.2d 1105 (1982)
Melvin GREER, M.D.; Edward Valenstein, M.D.; David Yocum, M.D., and Board of Regents of the State of Florida, Appellants,
v.
John E. MATHEWS and Gwendolyn G. Mathews, His Wife, Appellees.
No. AC-376.
District Court of Appeal of Florida, First District.
January 28, 1982.
Rehearing Denied March 1, 1982.
*1106 L. William Graham of Dell, Graham, Willcox, Barber, Henderson, Monaco & Cates, Gainesville, for appellants.
Beckham & McAliley, Joel D. Eaton and Joel S. Perwin of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, Miami, for appellees.
ERVIN, Judge.
The appellants urge in this interlocutory appeal that the trial court erred or abused its discretion in transferring venue to Leon County as to a claim filed against the State of Florida in Duval County, while at the same time in refusing to transfer separate counts against co-defendant state employees in their individual capacities. We reject these contentions and affirm the trial court's order.
This appeal involves two related questions of first impression:
1. Does the state's common law venue privilege extend to actions against state employees sued in their individual capacities where the state agency is also joined in such actions and the state agency is charged with vicarious liability for the actions of its employees?
2. Did the lower court abuse its discretion in refusing to grant the state employees involved a change in venue, while granting the change to the state agency?
At the outset, we acknowledge that the state's venue privilege[1] remains well entrenched in Florida, notwithstanding the enactment of Section 768.28, Florida Statutes (1975), a statutorily qualified waiver of sovereign immunity. Carlile v. Game and Fresh Water Fish Commission, 354 So.2d 362 (Fla. 1978). However, neither party has cited any authority assisting us in resolving the question of whether the venue privilege extends to state employees when sued in their individual capacities. Nevertheless, it is our view that recent developments in the closely related, common law privilege of sovereign immunity parallel the scope of the state venue privilege. This conclusion is evident from a reading of District School Board of Lake County v. Talmadge, 381 So.2d 698 (Fla. 1980), in which the Florida Supreme Court determined that a plaintiff could bring a common law action in negligence against a government employee individually without invoking Section 768.28. Thus, under Talmadge, one could sever an action against a government employee from one against the government itself, notwithstanding that Section 768.28(9) then required the state to satisfy judgments entered against its employees.
Although the plaintiff in the instant case seeks to recover against the state under a theory of respondeat superior, we apply the same principles of severance in the venue context. Because we find that an action against a public employee has a separate and distinct character based on common law, tort principles, we fail to see *1107 how the state's venue privilege could apply to such an action.
The 1980 amendment to Section 768.28(1), Laws of Florida, Chapter 80-271, § 1, appears to contradict our analysis in that the amendment prohibits a party from suing a government employee individually for simple negligence. Nevertheless, that amendment cannot constitutionally be applied retroactively[2], Bryant v. School Board of Duval County, supra, fn. 2; State, Department of Transportation v. Knowles, 402 So.2d 1155 (Fla. 1981), as the alleged tort in the instant case occurred in 1979.
The state additionally contends that the venue privilege should apply to actions against state employees because the state is obliged to defend its employees. We do not find that argument convincing. Neither Sections 111.07 nor 768.28(9) mandate the state to defend its employees. The former only gives the state discretionary authority to defend its employees, while the latter only requires the state to pay directly a judgment against its employees.
Finally, due to the effect of Talmadge, the trial court did not abuse its discretion in splitting venue between Duval and Leon County. When multiple defendants are involved, and a state defendant exercises its venue privilege, it is within the trial court's discretion whether to transfer other defendants. Wagner v. Nova University, Inc., 397 So.2d 375 (Fla. 1st DCA 1981). Moreover, although the state may be inconvenienced if it chooses to defend its employees in a forum different from where it is sued, we note that it was the state's motion to change venue which induced the court to sever the case in the first instance. In so deciding, the trial court was faced with offsetting considerations for not transferring venue as to state employees, such as the fact that most of the witnesses and the parties involved in the tort claim are from the Jacksonville area.
Accordingly, the trial court's ruling is affirmed.
MILLS and LARRY G. SMITH, JJ., concur.
NOTES
[1] The established law in Florida is that the venue of any action against the state, or its agencies, etc., lies in the county where the government maintains its principal headquarters, and in the absence of waiver or exception, the right to be so sued is absolute. See Metropolitan Dade County v. Kelly, 348 So.2d 49 (Fla. 1st DCA 1977).
[2] Note also that it remains an open question whether the amendment may be applied prospectively due to the possibility that it may unconstitutionally deny access to the courts. Bryant v. School Board of Duval County, 399 So.2d 417, 422 (Fla. 1st DCA 1981).