WENTWORTH, Judge.
Appellants seek review of an order entered in the circuit court for Leon County, by which a motion for dismissal or change of venue was denied. We affirm. .
An action was filed against the Department of Transportation and the State of Florida in the circuit court for Bay County by the personal representative of a deceased minor child. The parties entered into a stipulation by which they agreed that the action should be transferred to Leon County in accordance with § 768.28, Florida Statutes. The action was thus transferred by the court, and an amended complaint was subsequently filed in Leon County by which appellant City of Panama City was joined as a party defendant. Appellant City filed a motion for dismissal or change of venue, seeking transfer of the action back to Bay County.
The State of Florida and its agencies, at the time the cause of action in the present case accrued,[1] retained the venue privilege to be sued in the county where the governmental entity maintained its principal headquarters. See Carlile v. Game & Fresh Water Fish Commission, 354 So.2d 362 (Fla.1978); Greer v. Mathews, 409 So.2d 1105 (Fla. 1st DCA 1982). In the present case this privilege required transfer of the action against DOT to Leon County.
Appellants assert a municipal venue privilege pursuant to Williams v. City of Lake City, 62 So.2d 732 (Fla.1953), seeking transfer of the action back to Bay County. But Board of County Commissioners of Madison County v. Grice, 438 So.2d 392 (Fla.1983), establishes that the “home venue privilege” is not absolute, and that when governmental entities are joint defendants the trial court may dispense with the home venue privilege upon considerations of “justice, fairness, and convenience under the circumstances of the case.” In the present case the trial court exercised its discretion to retain the action in Leon County. That ruling would appear to be within the permissible range of the court’s discretion.[2]
Affirmed.
SHIVERS and WIGGINTON, JJ„ concur.

. Appellants note that the statute has subsequently been amended so as to allow, in appropriate circumstances, an action to be brought against an agency in the county where a cause of action accrued. See § 768.28(1) (1981). But this amendment, effected by Chapter 81-317, Laws of Florida, was expressly made applicable only to causes of action accruing on or after October 1, 1981. See § 768.28(14) (1981). In the present case the decedent’s death was alleged to have occurred "on or about August 13, 1981,” and the cause of action thus accrued prior to October 1. Cf., Moorey v. Eytchison & Hoppes, Inc., 338 So.2d 558 (Fla. 2d DCA 1976).

. We note the relative proximity of Leon and Bay Counties, and the significant length of time during which the case has been in progress in Leon County. Our conclusion makes unnecessary the resolution of argument by the parties as to the impact of § 47.131, Florida Statutes, following joinder of the City as defendant.