PER CURIAM.
Monroe County, the plaintiff below, seeks review of an order transferring the cause to Leon County. The trial judge based his ruling upon the following findings:
1. The Defendants, being Governor Bob Graham, and agencies of the State of Florida, are all located or headquartered in Tallahassee, Leon County, Florida. It is well established that venue in civil actions brought against the state or its agencies lies where the state or agency maintains its principle headquarters, unless there is a waiver or exception to the venue privilege. Carlile v. Game and Fresh Water Fish Commission 354 So.2d 362 (Fla 1977); Graham v. Edwards 472 So.2d 803 (Fla 3rd DCA 1985).
2. Plaintiff Monroe County’s Complaint shows that this suit involves a challenge to, and an attempt to invalidate, Chapter 27F-8, Florida Administrative Code, consisting of amended rules adopted by the Defendant Florida Administration Commission that are presumptively applicable within the Florida Keys Area of Critical State Concern, designated pursuant to Section 380.0552, Florida Statutes (1985).
3. The challenged rule amendments have been adopted and in effect since July, 1984. Furthermore, there is no Plaintiff who alleges that his personal property rights have been invaded or di *75 rectly affected by the application of said Administration Commission Rules. Under these circumstances, the “sword wielder doctrine” relied upon by Plaintiff is not applicable, as there is no actual or threatened invasion of rights by the state, and Plaintiff’s suit is not in the nature of a shield against the state’s thrust. No exception to, or waiver of, the state’s venue privilege is present.
We fully agree with the determination below. See Florida Public Service Commission v. Triple “A” Enterprises, 387 So.2d 940 (Fla.1980).
Affirmed.