543 So.2d 304 (1989)
Nick NAVARRO, As Sheriff of Broward County, Florida, Appellant,
v.
BARNETT BANK OF WEST FLORIDA, Appellee.
No. 88-2899.
District Court of Appeal of Florida, First District.
April 28, 1989.
John W. Jolly, Jr., of Shailer, Purdy & Jolly, P.A., Fort Lauderdale, for appellant.
Thomas R. Jenkins of Beggs & Lane, Pensacola, for appellee.
ZEHMER, Judge.
Nick Navarro, as Sheriff of Broward County, Florida, appeals a non-final order denying his motion to dismiss, or to transfer venue of, the two-count complaint Barnett Bank of West Florida (appellee or Barnett Bank) filed against him in Escambia County. Because we find the lower court lacked subject matter jurisdiction over count one, and lacked venue over counts one and two, we reverse.
The facts pertinent to this appeal are as follows. On January 17, 1983, a final judgment *305 was entered in favor of Barnett Bank and against J.C. Kellis for $40,204.13, plus statutory interest. On September 2, 1987, in Santa Rosa County Circuit Court proceedings, Kellis received a jury verdict in his favor and against K-Mart Corporation in the amount of $81,411.24. On September 8, 1987, before judgment was entered on the verdict, Barnett Bank secured a writ of garnishment from the Escambia County Circuit Court in the amount of $62,579.70 against K-Mart Corporation and forwarded the writ to appellant, as Broward County sheriff, for service on K-Mart's registered agent. On September 15, 1987, a Santa Rosa County Circuit Judge entered final judgment in accordance with the September 2 verdict in favor of Kellis and against K-Mart. Also on September 15, 1987, appellant returned the writ of garnishment and attachments to Barnett Bank with a cover letter indicating that the writ was not properly certified. Barnett Bank received the returned writ on September 17, 1987, inspected it, and allegedly sent the same writ in the same condition back to appellant that day. On September 18, 1987, K-Mart satisfied the judgment in favor of Kellis. On September 19, 1987, appellant received the writ, and on September 24, 1987 appellant served the writ on an agent for K-Mart. At the time K-Mart was served with the writ it did not have any assets subject to garnishment because it had already satisfied the judgment in favor of Kellis.
Barnett Bank subsequently filed, in Escambia County Circuit Court, a two-count complaint against appellant. Count one alleged entitlement to statutory compensation of $100.00 for failure to execute process, pursuant to section 30.19, Florida Statutes, and count two alleged entitlement to damages in excess of $62,579.70 for negligence. Appellant moved to dismiss the complaint on the ground that venue was improper. With the consent of both parties, the court treated this motion as both a motion to transfer venue to Broward County and a motion to dismiss. On October 12, 1988, the court denied the motion.
Appellant argues on appeal that Barnett Bank improperly "manufactured" venue in Escambia County Circuit Court by bootstrapping count one, a statutory claim that failed to meet the minimum damage requirement for circuit court jurisdiction, to count two, a negligence claim over which the circuit court had subject matter jurisdiction but did not have venue. Appellant also argues on appeal that count one should be dismissed because the statute upon which it was based, section 30.19, was repealed prior to the filing of the complaint. Appellee's answer brief merely consists of the argument that appellant had waived the right to argue repeal of section 30.19 because he did not raise that argument before the trial court.
Section 30.19, which Ch. 87-288, § 3, Laws of Fla., repealed effective October 1, 1987, read:
Every sheriff or deputy failing to execute any writ or other process, civil or criminal, to him legally issued and directed within his county and make due return thereof, where such process shall be delivered to him in time for execution, shall forfeit $100 for each neglect, to be paid to the party aggrieved, by the order of the court, upon motion and proof of such delivery, unless such sheriff or deputy can show sufficient cause for such failure or neglect of the court.
Under this statute, the circuit court had jurisdiction to entertain a summary proceeding initiated by motion in the garnishment action to enforce the writ it issued without regard to the question of damages for the sheriff's or deputy's failure or neglect, and irrespective of general venue restrictions. Sweat v. Waldon, 123 Fla. 478, 167 So. 363, 364 (1936).
In the instant case, appellee did not follow the section 30.19 summary procedure for enforcing the writ.[1] Rather, appellee initiated an entirely new action joining count one alleging forfeiture under section 30.19 with count two charging negligence. As such, this new action requiring plenary proceedings would be subject to *306 the requirements of section 47.011, Florida Statutes (1987), the general venue statute. Thus, even assuming count one stated a valid cause of action and that the forfeiture could be commenced, venue would lie in Broward County, the place where the defendant is found and where the wrong occurred.
Count one did not state a valid cause of action, however, as it was based on a repealed statute that was penal in nature. See Sweat v. Waldon, 123 Fla. 478, 167 So. 363 (1936); Johnson v. Price, 47 Fla. 265, 36 So. 1031 (1904). Because of the penal nature of this statute, its repeal operated as a release or remission of the penalty and the lower court was without jurisdiction over proceedings to enforce it.[2] Although appellant failed to argue repeal of the statute to the lower court, we must recognize the fundamental effect of the repeal, and order the lower court to dismiss count one, with prejudice.
Venue of an action against the state or any of its agencies lies in the county where the government maintains its principal headquarters; in the absence of a waiver, the right to be so sued is absolute. Greer v. Mathews, 409 So.2d 1105 (Fla. 1st DCA 1982); Metropolitan Dade County v. Kelly, 348 So.2d 49 (Fla. 1st DCA 1977). Therefore, the remaining count two must be transferred to the circuit court for Broward County.
REVERSED and REMANDED for further proceedings consistent herewith.
JOANOS and THOMPSON, JJ., concur.
NOTES
[1] Such would have entailed filing a motion in the Escambia County Circuit Court in the already pending garnishment proceeding for an order directed to appellant, as Broward County Sheriff, to show cause why the forfeiture provided in section 30.19 should not be imposed on him for failure to serve the writ. See Sweat v. Waldon, 167 So.2d at 362.
[2] This principle applies even over pending cases, unless the repealing statute contains a savings clause. See Pensacola A.R. Co. v. State, 45 Fla. 86, 33 So. 985 (1903); Fogg v. Southeast Bank, N.A., 473 So.2d 1352 (4th DCA 1985); Bureau of Crimes Compensation v. Williams, 405 So.2d 747 (2d DCA 1981); Gewant v. Florida Real Estate Commission, 166 So.2d 230 (Fla. 3d DCA 1964).

Our holding does not unconstitutionally deprive appellee of a vested right created by section 30.19. This statute merely embodied the common law method of punishing a sheriff or deputy for his or her failure to execute a writ or other process, and was not a substitute for a tort action for damages. Johnson v. Price, 47 Fla. 265, 36 So. 1031 (1904).