DAUKSCH, Judge.
This is an appeal from a non-final order denying the School Board of Osceola County’s motion to dismiss for improper venue. The School Board argues that the trial court erred in denying its motion to dismiss for improper venue based on the common law home venue privilege because no exception to the rule was applicable. We agree and reverse.
On May 1, 1991, appellee James E. Rose Mechanical Contractors, Inc. (“Rose”) filed its Third Amended Complaint against Jen-doco Construction Enterprises, Inc. (“Jen-doco”) the bonding company, United States Fidelity & Guaranty Co. (“U.S.F. & G.”), and the School Board of Osceola County (“School Board”).
The School Board filed a motion to dismiss for improper venue, noting that it has long been the law in the State of Florida that governmental entities and agencies must be sued in the county where the agen *522 cy maintains its principal headquarters. The trial court denied the motion but failed to state any facts or circumstances in its order to support an exception to the home venue privilege rule.
Under the common law of Florida, venue in civil actions brought against the state or one of its agencies or subdivisions, absent waiver or exception, properly lies in the county where the state, agency or subdivision maintains its principal headquarters. Carlile v. Game and Freshwater Fish Commission, 354 So.2d 362 (Fla.1977). One exception to this home venue privilege may arise where the government is sued as a joint tort-feasor in a non-home county which would be proper venue for the other defendant. In Board of County Commissioners of Madison County v. Grice, 438 So.2d 392 (Fla.1983), the Supreme Court of Florida reasoned that while the home venue privilege “promotes orderly and uniform handling of state litigation and helps to minimize expenditure of public funds and manpower,” Carlile, 354 So.2d at 364, “these beneficial purposes are not furthered when the governmental defendant is sued as a joint tort-feasor.” Board of County Commissioners of Madison County, 438 So.2d at 394. Were severances dictated in joint tort-feasor situations by the home venue privilege, the result would be “separate proceedings requiring increased use of public resources.” Id. In such situations, the court reasoned that
The benefit of money saved by state agencies and subdivisions by not having to defend against lawsuits filed outside their home counties must now be weighed against the increased costs incurred in the operation of the courts, costs which are paid in substantial part by all taxpayers. Therefore, the objective of minimizing public expenditures in the operation of the courts is not furthered when the home venue privilege results in multiple lawsuits. We therefore hold, as did the district court, that the home venue privilege for government entities is not absolute.
We hold further that a trial court has discretion to dispense with the home venue privilege when a governmental body is sued as a joint tort-feasor. The exercise of this discretion must be guided by considerations of justice, fairness, and convenience under the circumstances of the case. In its discretion the trial court may retain the entire case, sever and transfer the cause of action against the entity asserting the privilege if it is sev-erable, or transfer the entire case. The home venue privilege, although not absolute, should be given substantial consideration in this process along with the other circumstances presented and the interests of the other parties.
Id. at 394-395.
Appellee Rose asserts that the actions taken by the School Board in its dealings with both Jendoco and Rose “have resulted in it becoming a joint tort-feasor under a contract theory,” thereby subjecting it to the joint tort-feasor exception to the home venue privilege. We disagree. The first claim in the complaint merely seems to be a claim by Rose, a subcontractor, against the general contractor, Jendoco, for labor, services and materials provided and performed in accordance with their subcontract. Count II merely states a claim against the general contractor, Jendoco, for “delay damages” occasioned by the general contractor’s failure to finish the project on time and its subsequent abandonment. Count III, stating the claim against the School Board, merely appears to be for the same “delay damages” claimed in Count II.
Nowhere in Count III do any allegations appear sounding in tort. The only damages claimed by Rose against the School Board are for reimbursement of business expenses caused by delay, in other words, “economic losses.” It is well settled in Florida that a plaintiff may not recover economic losses in a tort case without pleading and proving conduct resulting in personal injury or property damage stemming from an independent duty to the plaintiff outside of, or in addition to, the terms of any contract. Where there are no personal injury or property damage claims, “contract principles are more appropriate than tort principles for resolving economic *523 losses.” A.F.M. Corp. v. Southern Bell Telephone & Telegraph Co., 515 So.2d 180, 181 (Fla.1987). Further, because the first two counts of the complaint also fail to allege that Jendoco and the bonding company U.S.F. & G. are tort-feasors at all, it is difficult to see how the School Board could be considered a joint tort-feasor with them.
Rose argues that the trial court, in declining to enforce the home venue privilege, can consider the location of the various litigants and the cause of action, relying on City of Panama City v. Florida Dept. of Transportation, 477 So.2d 646 (Fla. 1st DCA 1985). Rose notes the court there considered “the relative proximity of Leon and Bay Counties, and the significant length of time during which the case has been in progress in Leon County,” Id. at 647, n. 2, and notes that in the instant case, the two courthouses of Orange and Osceola counties are only twenty miles apart. However, this case is clearly inapplicable since it involved a wrongful death claim properly brought under section 768.28, Florida Statutes, wherein the City of Panama City was joined as a party defendant in an amended complaint. As discussed above, Rose has failed to plead that the School Board is a joint tort-feasor, and therefore no exception to the home venue privilege exists in this ease. Where such exceptions do exist, the case law indeed allows that the trial court may exercise its discretion and dispense with the privilege upon considerations of “justice, fairness, and convenience under the circumstances of the case.” Id. at 647, quoting Board of County Commissioners of Madison County, supra. See also, e.g., Boca Raton Housing Authority v. Carousel Dev., Inc., 482 So.2d 543, 545 (Fla. 3d DCA 1986).
We reverse the appealed order and remand with instructions to grant appellant School Board of Osceola County’s motion to dismiss for improper venue.
REVERSED and REMANDED.
COWART and DIAMANTIS, JJ., concur.