674 So.2d 911 (1996)
FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION, Appellant,
v.
ST. JOHN MEDICAL PLANS, INC., etc., Appellee.
No. 96-533.
District Court of Appeal of Florida, Third District.
June 5, 1996.
*912 Gordon B. Scott, Clearwater, and Heidi E. Garwood, Tallahassee, for appellant.
James V. Johnstone; Karen Gievers and Dyanne E. Feinberg, Miami, for appellee.
Before NESBITT, COPE and FLETCHER, JJ.
NESBITT, Judge.
In this action by St. John Medical Plans Inc. (St. John), a corporation licensed to operate a Medicare health maintenance organization, against a state agency, Florida Agency for Health Care Administration (AHCA), and others, AHCA appeals the denial of its motion for change of venue or in the alternative, dismissal. We reverse in part, and remand for further proceedings.
The event precipitating the instant action was the termination of St. John's Medicaid contract in June 1995. St. John thereafter filed the instant complaint alleging in part that AHCA had wrongfully taken St. John's property. Count I alleged the claim against AHCA for "unconstitutional taking"; Count II alleged a civil rights claim against AHCA director Douglas Cook; Count III alleged gross negligence against Cook; Count IV made claims for tortious interference with St. John's business relationship against defendants Physicians Corporation of America (PCA), a corporation engaged in providing managed care in Florida, as well as Alberto Gutman, a member of the Florida legislature; Count V made a claim against Gutman for breach of public trust.
According to St. John's complaint, venue was proper in Dade because the property involved in the litigation was located in Dade, the government agency's actions occurred in Dade, St. John's causes of action accrued here, the majority of the wrongful acts of the defendants occurred here, at least two of the defendants are Dade residents, and St. John's damages were sustained here.
It has long been the established common law of Florida that venue in civil actions brought against the state or one of its agencies or subdivisions, absent waiver or exception, properly lies in the county where the state agency, or subdivision maintains its principal headquarters. Carlile v. Game & Fresh Water Fish Comm'n, 354 So.2d 362 (Fla.1977). As the supreme court observed in Carlile, such a rule promotes orderly and uniform handling of state litigation and helps to minimize expenditure of public funds and manpower. Id. at 363.
Although the count aimed at AHCA is postured as though it were for a claim of inverse condemnation, argued as one of the exceptions to the above-stated rule, see In re Forfeiture of 1976 Kenworth Tractor, 576 So.2d 261 (Fla.1990), this nomenclature fails to survive analysis. The "property interest" allegedly taken by the agency, is in reality if anything, the final installment of a 12-month contract. Characterizing the claim as an inverse condemnation will not convert what appears to be a pure breach of contract action into something more.
For that reason, we conclude that the home venue privilege survives in favor of the state agency. The agency was not a "sword-wielder" under the substance of the allegations of the complaint. See Monroe County v. Graham, 493 So.2d 74, 75 (Fla. 3d DCA 1986) (holding "sword wielder exception not applicable as there was no actual or threatened invasion of rights by the state, and plaintiff's suit was not in the nature of a shield against the state's thrust"). Likewise, the agency cannot be characterized as a joint tortfeasor. See School Board v. James E. Rose Mechanical Contractors, Inc., 604 So.2d 521 (Fla. 5th DCA 1992).
*913 The trial court should have severed the action against the agency from the remaining defendants and on the agency's motion, transferred the action with respect to AHCA to Leon County. Id. Accordingly, we reverse in part and direct that upon remand this cause as it affects AHCA be transferred. As to the other defendants, the case shall proceed in Dade. See Department of Transportation v. Bromante, 365 So.2d 388 (Fla. 4th DCA 1978).
Reversed in part, and remanded.