ANTOON, Judge.
William L. Ross, Jr. (Ross), sued the Department of Corrections (DOC), for declaratory judgment and breach of contract. Ross filed the lawsuit in Volusia County and DOC filed a motion to transfer venue to Leon County, the county in which DOC maintains its principle headquarters. The trial court *623 denied the motion and DOC appeals, arguing that proper venue lies in Leon County. We agree, and therefore, reverse.
The home venue privilege is well established in Florida. This privilege provides that in civil actions brought against the state or one of its agencies or subdivisions venue lies in the county where the state agency or subdivision maintains its principal headquarters. Carlile v. Game & Fresh Water Fish Commission, 354 So.2d 362 (Fla.1977). However, the home venue privilege is subject to two exceptions. Barr v. Florida Board of Regents, 644 So.2d 333 (Fla. 1st DCA 1994). The first exception is when venue is waived by statute. This exception is not applicable in the instant case. The second exception exists under the “sword wielder” doctrine. The “sword wielder” doctrine applies when a plaintiff seeks direct judicial protection from a real or imminent danger of unlawful invasion of the plaintiffs constitutional rights by a state agency or subdivision. Barr, 644 So.2d at 335; Florida Public Service Commission v. Triple “A” Enterprises, Inc., 387 So.2d 940 (Fla.1980). In those limited circumstances, a plaintiff can sue for the protection of those rights in the county where the infringement of rights is threatened or has occurred. Department of Community Affairs v. Holmes County, 668 So.2d 1096 (Fla. 1st DCA 1996).
Here, Ross alleged in his complaint that when DOC invited bids to lease office space in Volusia County he responded by submitting a bid proposal. DOC notified Ross that it intended to award him the bid and in reliance thereon Ross (1) gave his existing tenants notice to vacate, (2) entered into a contract to modify the building, and (3) expended time and funds to comply with DOC’s lease requirements. Ross also signed a proposed lease agreement and forwarded it to DOC. However, that very same day, DOC notified Ross that it was cancelling the invitation to bid “due to legislative budget cuts and staff reduction.” DOC asserts that based upon these alleged facts venue properly lies in Leon County. We agree and find Florida Agency for Health Care Administration v. St. John Medical Plans, Inc., 674 So.2d 911 (Fla. 3d DCA 1996) controlling.
In St. John, St. John’s Medicaid contract was terminated by AHCA. St. John filed a complaint in the circuit court alleging an “unconstitutional taking,” civil rights violations, gross negligence, tortious interference, and breach of the public trust. The court wrote:
Although the count aimed at AHCA is postured as though it were for a claim of inverse condemnation, argued as one of the exceptions to the above-stated rule [citation omitted], this nomenclature fails to survive analysis. The “property interest” allegedly taken by the agency, is in reality if anything, the final installment of a 12-month contract. Characterizing the claims as an inverse condemnation will not convert what appears to be a pure contract action into something more.
Id. at 912.
Similarly, Ross’ claim of breach of contract cannot be characterized as an unconstitutional taking of a property interest so as to invoke the “sword wielder” doctrine. Accordingly, venue properly lies in Leon County and the order of the trial court denying DOC’s motion to transfer venue must be reversed. See Florida Department of Corrections v. McCarty, 610 So.2d 693 (Fla. 2d DCA 1992)( DOC’s alleged breach of contract did not subject it to the “sword wielder” doctrine). Cf. Graham v. Edwards, 472 So.2d 803 (Fla. 3d DCA 1985), rev. denied, 482 So.2d 348 (Fla.1986)(agency was a “sword-wielder” where the proposed lease agreement provided that “[t]he State of Florida’s performance and obligation to pay under this contract is contingent [sic] upon an amended appropriation by the legislature,” and the issue for determination was whether the Department of Natural Resources made the “initial threat” by threatening damages and substantial fines if the property owner did not cease work on the private dock he was constructing under the authority of the Florida Statutes).
REVERSED AND REMANDED.
PETERSON, C.J., and DAUKSCH, J., concur.