790 So.2d 602 (2001)
LAKE COUNTY BOYS RANCH, etc., Appellant,
v.
Kathleen KEARNEY, etc., et al, Appellee.
No. 5D00-2102.
District Court of Appeal of Florida, Fifth District.
August 3, 2001.
Jerri A. Blair of Jerri A. Blair, P.A., Tavares, for Appellant.
Harry F. Chiles of Nabors, Giblin & Nickerson, P.A., Tallahassee and Ralph J. McMurphy, Department of Children and Families, Wildwood, for Appellees.
THOMPSON, C.J.
Boys Ranch of Lake County, and Boys Ranch as next friend of D.B., a minor, and as next friend of the "Children of Lake and Sumter Counties" (collectively "Boys *603 Ranch"), appeal an order transferring venue from Lake County to Leon County. Boys Ranch sued the Department of Children and Family Services, Kathleen Kearney as Secretary of the Department, and appellee Pamela Paulik as Administrator of DCF's district 13 (collectively DCF) which includes Lake, Sumter, Citrus, Hernando, and Marion Counties. We affirm.
It has long been the established common law of Florida that venue in civil actions brought against the state or one of its agencies or subdivisions, absent waiver or exception, properly lies in the county where the state, agency, or subdivision maintains its principal headquarters. Carlile v. Game and Fresh Water Fish Comm'n, 354 So.2d 362 (Fla.1977). Absent waiver or exception, this right is absolute. See Navarro v. Barnett Bank of West Florida, 543 So.2d 304 (Fla. 1st DCA 1989). Boys Ranch contends that venue is proper in Lake County under the swordwielder exception. This exception applies when a plaintiff seeks direct judicial protection from a real or imminent danger of unlawful invasion of the plaintiff's constitutional rights by a state agency or subdivision. See Dep't of Corrections v. Ross, 680 So.2d 622 (Fla. 5th DCA 1996). In the instant case, we cannot say the transfer of venue was improper given the imprecision with which the complaint invokes various provisions of the United States and Florida Constitutions. See id; Florida Agency for Health Care Admin. v. St. John Medical Plans, Inc., 674 So.2d 911 (Fla. 3d DCA 1996); Florida Dep't of Corrections v. McCarty, 610 So.2d 693 (Fla. 2d DCA 1992).
AFFIRMED.
PLEUS and PALMER, JJ., concur.