306 So.2d 606 (1975)
STATE of Florida and the Travelers Insurance Company, Appellants,
v.
Esther F. NEGRIN, Appellee.
No. V-352.
District Court of Appeal of Florida, First District.
January 28, 1975.
*607 Richard T. Jones and Barry D. Graves of Jones & Ritch, Gainesville, for appellants.
Lynn M. LoPucki, Gainesville, for appellee.
BOYER, Acting Chief Judge.
We here again resolve an issue relating to the proper venue of suits against the State of Florida or one of its agencies.
Appellee filed a negligence action in Alachua County against appellants, alleging that she was injured when an unknown person threw a brick from an overpass through the windshield of her car as she was traveling on the Sunshine State Parkway in Palm Beach County. Appellants moved for a change of venue to Leon County and appellee moved for a change of venue to Palm Beach County. The trial judge entered an order transferring the case to Palm Beach County, relying on F.S. 337.19(3).
It is axiomatic that statutes must be read in para materia with other related statutes and other related portions of the same statute. An examination of Chapter 337 Florida Statutes readily reveals that it does not purport to govern tort actions nor tort liability. Indeed, the concluding clause of F.S. 337.19(1) specifically provides "That no suit sounding in tort shall be maintained against the department." Appellee urges that the latter provision is unconstitutional and therefore should be ignored as a part of the statute. (State ex rel. Davis v. Love, Sup.Ct. 1930, 99 Fla. 333, 126 So. 374) It is not necessary for us here to determine the constitutionality of that provision. Whether or not the quoted clause from subsection (1) of F.S. 337.19 is constitutional, it clearly reveals that the Legislature did not intend for that statute, F.S. 337.19, to be applicable to tort actions. It is apparent therefore that the language of F.S. 337.19(3) that "All actions and suits brought against the department * * * shall be brought in the county or counties where the cause of action accrued or in Leon County" was intended to relate to actions contemplated by Chapter 337 Florida Statutes and not tort actions. F.S. 337.19(3) may not therefore be construed as a waiver by the State or the Department of Transportation to be sued in Leon County. See Ringling Bros.-Barnum & Bailey Com. Sh., Inc. v. State, Fla.App. 1st 1974, 295 So.2d 314.)
Appellants' motion for change of venue to Leon County should have been granted.
Reversed and remanded for further proceedings consistent herewith.
McCORD and MILLS, JJ., concur.