328 So.2d 574 (1976)
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellant,
v.
Bertie CHOTHEN, a Minor, by and through His Natural Mother and Next Friend, Rochelle Stewart, and Rochelie Stewart, Individually, Appellees.
No. 75-1413.
District Court of Appeal of Florida, Third District.
March 9, 1976.
Rehearing Denied April 1, 1976.
James A. Judkins, Tallahassee, for appellant.
Levenstein, Burke & Associates and Linda Dakis, Miami, for appellees.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
NATHAN, Judge.
This is an interlocutory appeal by the State of Florida, Department of Transportation, one of the defendants, from two orders of the trial court denying a motion for change of venue.
The plaintiffs filed a complaint in Dade County circuit court against three defendants, The State of Florida Department of Transportation, Capelletti Brothers, Inc., and United States Fidelity & Guaranty Company, for damages for personal injuries allegedly received due to the negligence of the defendants in Dade County. There is no question that the accident occurred in Dade County and that the plaintiffs and defendant, Capelletti Brothers are residents of Dade County. Defendant, State of Florida, Department of Transportation, filed a motion to dismiss and to abate for improper venue or in the alternative to transfer to Leon County. The motion alleged that as a government agency, the Department of Transportation has a right to be sued in the county in which its principal office is located, namely Tallahassee, Leon County, Florida.
The trial court entered an order denying the motion to dismiss for improper venue *575 because "... the Department of Transportation is the initial and active sword-wielder in this case and said acts are alleged to have occurred in Dade County, Florida." The court then entered a second order denying the motion to dismiss for improper venue in which it sets out statutory and case law in support of the denial. Thereupon, the Department of Transportation took this interlocutory appeal.
The appellant relies heavily on State v. Negrin, Fla.App. 1975, 306 So.2d 606, as authority for its position. In our opinion, Negrin is inapposite to the case at bar since it treats § 337.19(1), Fla. Stat., which was intended to relate to actions contemplated by Chapter 337, Fla. Stat., "and not tort actions." The appellant further asserts as authority, and we fully recognize, the well-settled principle that a governmental agency generally has a right to be sued in the county in which the agency's principal office is located even though there are other defendants with their residences or principal offices in a different county. Flanagan v. Department of Health & Rehabilitative Services, Fla.App. 1975, 314 So.2d 235. We hold, however, that the court was correct in denying the change of venue since the facts presented in the instant case fall within an exception to the general rule.
Section 768.28, Fla. Stat., which waives sovereign immunity in tort actions became effective on January 1, 1975. It provides in pertinent part that:
"(5) The state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances..."
Our interpretation of this statute subjecting state agencies to liability in the same manner as private individuals, is that it allows the general venue statutes to apply to such cases.[1]
In addition to statutory authority, we look to Department of Revenue v. First Federal Savings & Loan Association of Fort Myers, Fla.App. 1971, 256 So.2d 524, 526, wherein it is stated that,
"The question to be answered in these cases may be said to be whether the state is the initial sword-wielder in the matter and whether the plaintiff's action is in the nature of a shield against the state's thrust. If so, then the suit may be maintained in the county wherein the blow has been or is imminently about to be laid on. On the other hand if plaintiff is the prime mover in the premises against a passive or dormant state or state agency then venue lies properly in the county wherein the state or the agency maintains its official headquarters."
As the initial sword-wielder in this action, by allegely causing damage to the plaintiffs as a result of negligence, the State of Florida, Department of Transportation, is subject to venue in Dade County.
Affirmed.
PEARSON, Judge (dissenting).
I am not so much concerned with the decision on this appeal as I am with the fact that the far-reaching effect of the rule that it establishes may be overlooked. The decision, in essence, abolishes for all tort cases the rule that, absent a waiver, the State or its agency may be sued in a county other than that which is the site of its official headquarters only when the official action complained of has, in fact, been or is being performed in the county wherein the suit is filed. See Ringling Bros.-Barnum & Bailey Combined Shows, Inc. v. *576 State, Fla.App. 1974, 295 So.2d 314, for a complete statement of the rule and the economic basis thereof.
In my view, the holding here is contrary to that of the District Court of Appeal, First District, in State v. Negrin, Fla.App. 1975, 306 So.2d 606, where that court held, in a negligence action, that the state agency's motion for change of venue to Leon County should have been granted.
I would follow the decision of the Court of Appeal, First District.
NOTES
[1] § 47.011, Fla. Stat., provides in pertinent part that actions shall be brought only in the county where the defendant resides or where the cause of action accrues. § 47.021, Fla. Stat., provides that in actions against two or more defendants residing in different counties action may be brought in any county in which any defendant resides.