341 So.2d 1015 (1977)
GAME & FRESH WATER FISH COMMISSION of the State of Florida, Appellant,
v.
Patrick L. CARLILE et al., Appellees.
No. 76-1679.
District Court of Appeal of Florida, Fourth District.
January 7, 1977.
*1016 Michael B. Davis, Walton, Lantaff, Schroeder & Carson, West Palm Beach, for appellant.
F. Kendall Slinkman, Farish & Farish, West Palm Beach, for appellee-Patrick L. Carlile.
DOWNEY, Judge.
This interlocutory appeal involves the propriety of an order denying a motion for change of venue filed by the Game & Fresh Water Fish Commission, a state agency.
Patrick L. Carlile filed a tort action in Palm Beach County against the Commission and others for damages after a hunting accident that occurred in a wildlife management area in Palm Beach County controlled by the Commission. The Commission filed a motion to transfer the cause to Leon County, where its headquarters are located. Relying upon State, Department of Transportation v. Chothen, 328 So.2d 574 (Fla. 3d DCA 1976), cert. denied September 21, 1976, the trial court denied the motion. For the reasons which follow we agree with the dissenting opinion of Judge Pearson in the Chothen case and thus reverse the order under review.
For many years the general rules concerning the venue of actions against state agencies have been those set forth at 34 Fla.Jur., § 27:
"It is the policy of the state to require that its officials and boards be sued in the county of their official residence, unless this privilege is waived, as it may be. In general, then, actions against state boards and officers must be instituted in Leon County, where their official residence is established, at least where the officer or agency does not perform acts throughout the state. Under exceptional circumstances, a complainant may be entitled to sue a public official or board in a county other than that of his or its official residence. One recognized exception to the rule exists where an unlawful invasion of a lawful right secured to the plaintiff by the constitution or laws of the jurisdiction is directly threatened in the county where the suit is instituted. Parties seeking relief from alleged threats to their personal and property rights by the operation of unconstitutional acts of an agency of the state may bring suit in the county where the alleged wrongs are threatened or are alleged to have been committed. But in the absence of waiver on the part of a state agency of its right, and in the absence of action bringing it within the exceptions to the rule, an action brought against a state agency in a county other than that of its official residence is subject to dismissal. (Footnotes omitted.)
A sound policy reason supporting the general rules is pointed out in Smith v. Williams, 160 Fla. 580, 35 So.2d 844, 847 (1948):
"... in order to promote orderly, efficient, and economical government, controversies involving the proper interpretation to be given rules and regulations promulgated by state agencies ought to be concentrated at the seat of state government where such state agencies are located, where such rules and regulations are promulgated, and where such suits can be defended at a minimum expenditure of effort and public funds. Such concentration of litigation manifestly makes for uniformity of interpretation of rules and regulations promulgated by such state instrumentalities and prevents conflicting judicial rulings in different jurisdictions resulting in decrees binding only in the counties where rendered and serving only to protect parties to the suits from the operation only of unlawful acts shown to have been actually committed within such particular jurisdictions."
Another reason supporting the general rules is that it is important that officers of governmental agencies remain at their posts and discharge their public duties rather than go "`hither and thither over the different parts of the state to attend to litigation'." Amelia Island Mosquito Control Dist. v. Tyson, 150 So.2d 246 (Fla. 1st DCA 1963), (a tort case against a state agency.)
*1017 In 1973 the legislature passed Chapter 73-313, Laws of Florida (codified as Section 768.28, Florida Statutes) in order to authorize limited tort claims against the state. Among other things, the act provided that:
"The state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances... ."
The Chothen majority held that the foregoing provision allows the general venue statutes set forth in Chapter 47, Florida Statutes (1975), to apply to tort cases filed against state agencies. However, we do not consider that the above quoted portion of the statute which modified the doctrine of sovereign immunity is sufficiently broad to eliminate the long standing venue rules pertaining to state agencies, in view of the reasons underlying those rules and in the absence of any specific statutory change.
In addition we think the attempt of the Chothen majority to distinguish State v. Negrin, 306 So.2d 606 (Fla. 1st DCA 1975), is unavailing. The Negrin opinion clearly followed the general venue rules quoted above and clearly held that the proper venue of the case, a tort action, was not Alachua County (where it was filed), nor Palm Beach County (where the cause of action accrued and to which the trial court had transferred it), but, rather, was Leon County (where the defendant agency had its headquarters).
Finally, the Chothen case also found comfort in Department of Revenue v. First Federal Savings & Loan Ass'n. of Ft. Myers, citing Judge McNulty's colorful phraseology regarding the "initial swordwielder." Suffice it to say we feel the point made in that case by referring to the "initial sword-wielder" was as inapplicable in Chothen as it is here. That phrase was used to designate agency action which was threatened or imminent in the county where suit was filed  where the agency is the prime mover. In the case at bar the agency (Game & Fresh Water Fish Commission) is charged with negligent non-feasance. Thus, Carlile is the prime mover in the premises against the agency and venue lies in the county of the agency's headquarters.
Accordingly, in our opinion the proper venue of this case is Leon County. We therefore reverse the order appealed from and remand the cause with directions to transfer the case to Leon County.
CROSS and ALDERMAN, JJ., concur.