354 So.2d 362 (1977)
Patrick L. CARLILE, Petitioner,
v.
GAME & FRESH WATER FISH COMMISSION of the State of Florida, Respondent.
No. 51036.
Supreme Court of Florida.
November 30, 1977.
Rehearing Denied February 22, 1978.
*363 Jos. D. Farish, Jr. of Farish & Farish, West Palm Beach, for petitioner.
Michael B. Davis of Walton, Lantaff, Schroeder & Carson, West Palm Beach, for respondent.
Winifred Sheridan Smallwood and H. Reynolds Sampson, Gen. Counsel, Tallahassee for State of Fla. Dept. of Transp., amicus curiae.
HATCHETT, Justice.
This cause is before us by Petition for Writ of Certiorari to review a decision of the Fourth District Court of Appeal reported at 341 So.2d 1015 (Fla. 4th DCA 1977) which directly conflicts with State Department of Transportation v. Chothen, 328 So.2d 574 (Fla. 3rd DCA 1976), on the issue of whether a tort action brought against the state or one of its agencies must be brought in the county wherein the agency maintains its principal headquarters. The Fourth District Court held that it must. We agree.
Petitioner, Patrick Carlile, was injured in a hunting accident in the J.W. Corbitt Wildlife Management Area. That area is under the control, regulation, and management of the Game and Fresh Water Fish Commission. Suit was filed in Palm Beach County, the site of the alleged wrong. Respondent moved to transfer the cause to Leon County, the site of its principal office, or in the alternative, to dismiss for improper venue. Motion was denied. On appeal, the Fourth District Court reversed and remanded with directions to transfer the cause to Leon County.
It has long been the established common law of Florida that venue in civil actions brought against the state or one of its agencies or subdivisions, absent waiver or exception, properly lies in the county *364 where the state, agency, or subdivision, maintains its principal headquarters. Smith v. Williams, 160 Fla. 580, 35 So.2d 844 (1948) and Ringling Brothers  Barnum and Bailey Combined Shows v. State, 295 So.2d 314 (Fla. 1st DCA 1974). Such a rule promotes orderly and uniform handling of state litigation and helps to minimize expenditure of public funds and manpower.
Petitioner argues that the state has waived this privilege by enactment of Chapter 73-313 (codified as Section 768.28, Florida Statutes (1975)), the general waiver of tort immunity, and relies on the following language from the statute to support his position:
(5) The state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances.
In determining the meaning of a statute we must look to the intent of the Legislature in enacting that statute. We are guided in this effort by established rules of statutory construction. In 1973 the Legislature passed Chapter 73-313, Laws of Florida, codified as Section 768.28, Florida Statutes (1975), in order to authorize limited tort claims against the state. That statute is clearly in derogation of the common law principle of sovereign immunity and must, therefore, be strictly construed:
Statutes in derogation of the common law are to be construed strictly, however. They will not be interpreted to displace the common law further than is clearly necessary. Rather, the courts will infer that such a statute was not intended to make any alteration other than was specified and plainly pronounced. A statute, therefore, designed to change the common law rule must speak in clear, unequivocal terms, for the presumption is that no change in the common law is intended unless the statute is explicit in this regard. 30 Fla.Jur. Statute, Sec. 130.
Inference and implication cannot be substituted for clear expression. Dudley v. Harrison, McCready & Co., 127 Fla. 687, 173 So. 820 (1937).
The Legislature has, on several occasions, provided for general or specific waivers of sovereign immunity: Section 230.23(9)(d), Florida Statutes (1975); Section 337.19, Florida Statutes (1975); Section 455.06, Florida Statutes (1975); Section 768.15, Florida Statutes (1969); Section 768.28, Florida Statutes (1975). In two of these enactments the Legislature specifically provided for modification of the venue rule: Section 337.19(3) and Section 768.15(3).
Section 768.15(3), effective July 1, 1969, repealed July 1, 1970, is of particular significance. This was the Tort Claims Act of 1969 and was the Legislature's first experiment with the waiver of sovereign immunity in the area of torts. Subsection (3) provided that: "Actions under this section shall be brought in the county where the cause of action arose." However, when the Legislature reenacted the statute in 1975, it excluded the venue provision. The change clearly evidences an intention on the part of the Legislature not to waive the common law privilege in the 1975 statute. In Arnold v. Shumpert, 217 So.2d 116 (Fla. 1968), this Court stated:
The rule of construction, instead, is to assume that the Legislature by the amendment intended it to serve a useful purpose. Sharer v. Hotel Corp. of America, 144 So.2d 813, 817 (Fla. 1962); Webb v. Hill, 75 So.2d 596, 603 (Fla. 1954). Likewise, when a statute is amended, it is presumed that the Legislature intended it to have a meaning different from that accorded to it before the amendment. (at 119)
This principle is summarized in 30 Fla.Jur. Statutes 97:
In making material changes in the language of a statute, the Legislature is presumed to have intended some objective or alteration of the law, unless the contrary is clear from all the enactments on the subject. The Courts should give appropriate effect to the amendment. The omission of a word in the amendment of a statute will be assumed to have been intentional. And, where it is apparent that substantial portions of a statute *365 have been omitted by process of amendment, the courts have no express or implied authority to supply omissions that are material and substantive, and not merely clerical and inconsequential.
Reference to the title of the legislative act is also appropriate in determining legislative intent. The title to Chapter 73-313, Laws of Florida reads:
An act relating to claims against the state; authorizing suits against the state or any of its agencies or political subdivisions for the tortious acts of their employees; providing a definition; providing for assistance; providing for appeals; providing for maximum claims; providing for notice; providing for cert; providing a maximum on attorney's fees; providing that officers and employees shall not be personally liable; providing the limitations of this act shall not apply when the entity has insurance; providing that the state or its agencies or subdivisions may purchase insurance if allowed by law; providing that claims must be filed within a certain period; providing that no action may be brought under certain circumstances; providing an effective date.
Clearly, the title makes no reference to the issue of venue. In the absence of such a statement in the title we must conclude that venue was not intended to be covered, Curry v. Lehman, 55 Fla. 847, 47 So. 18 (1908), or that the act is unconstitutional for failure to give notice of subject matter. (Article III, Section 6, Florida Constitution.)
The trial court, in holding that suit was properly brought in Palm Beach County relied upon State Department of Transportation v. Chothen, supra. In that case the Third District Court held that by enactment of Section 768.28, Florida Statutes (1975), the Legislature authorized the application of the general venue statute in tort actions against the state. In addition, the Chothen court extended the "sword-wielder" exception announced in Department of Revenue v. First Federal Savings and Loan Ass'n of Ft. Myers, 256 So.2d 524 (Fla. 2nd DCA 1971) from regulatory actions to torts. For the reasons stated herein we reject the Chothen reasoning and overrule that case.
The so called "sword-wielder" doctrine applies only in those cases where the official action complained of has in fact been or is being performed in the county wherein the suit is filed, or when the threat of such action in said county is both real and imminent. The Court in First Federal stated:
The question to be answered in these cases may be said to be whether the state is the initial sword-wielder in the matter, and whether the plaintiff's action is in the nature of a shield against the state's thrust. If so, then the suit may be maintained in the county wherein the blow has been or is imminently about to be laid on. (at 526)
This exception to the common law privilege of venue is limited to those cases wherein the primary purpose is to obtain direct judicial protection from an alleged unlawful invasion of the constitutional rights of the plaintiff within the county where the suit is instituted, because of the enforcement or threatened enforcement by a state agency of a statute, rule or regulation alleged to be unconstitutional as to the plaintiff, and where the validity or invalidity of the statute, rule or regulation sought to be enforced comes into question only secondarily and incidentally to the main issue involved. Smith v. Williams, 160 Fla. 580, 35 So.2d 844 (1948); Gay v. Ogilvie, Fla., 47 So.2d 525 (1950); Ringling Brothers  Barnum and Bailey Combined Shows v. State, supra. The rule is succinctly stated in 34 Fla.Jur. Venue Sec. 27 as follows:
It is the policy of this state to require that its officials and boards be sued in the county of their official residence, unless this privilege is waived.... Under exceptional circumstances, a complainant may be entitled to sue a public official or board in a county other than that of his or its official residence. One recognized exception to the rule exists where an unlawful invasion of a lawful right secured to the plaintiff by the Constitution or laws of the jurisdiction is directly *366 threatened in the county where the suit is instituted. Parties seeking relief from alleged threats to their personal and property rights by the operation of unconstitutional acts of an agency of the state may bring suit in the county where the alleged wrongs are threatened or alleged to have been committed. But in the absence of waiver on the part of a state agency of its right, and in the absence of action bringing it within the exceptions to the rule, an action brought against a state agency other than that of its official residence is subject to dismissal. (emphasis added)
The sword-wielder exception does not, nor was ever intended, to encompass allegations of negligence and was therefore misapplied in Chothen.
We now hold that the Legislature did not intend to waive the common law privilege of bring sued in Leon County with the enactment of Section 768.28, Florida Statutes (1975). Absent waiver or exception, venue in civil actions brought against the state or one of its subdivisions properly lies in the county where the state, agency, or subdivision, maintains its principal headquarters.
Accordingly, the decision of the Fourth District Court of Appeals is affirmed.
It is so ordered.
OVERTON, C.J., and BOYD and SUNDBERG, JJ., concur.
ADKINS, ENGLAND and KARL, JJ., dissent.