387 So.2d 514 (1980)
LAKE COUNTY, Florida, et al., Appellants,
v.
Thomas S. FRIEDEL et al., Appellees.
LAKE COUNTY, Florida, et al., Appellants,
v.
Curtis A. MacNUTT, Appellee.
Nos. 79-1296/T2-42, 79-1359/T2-45.
District Court of Appeal of Florida, Fifth District.
September 3, 1980.
Wilson Sanders of Sanders, McEwan, Mims & McDonald, Orlando, for appellants.
Gary Doane of Whitaker & Koepke, Orlando, for appellee Friedel.
Fred M. Peed of Peed & King, P.A., Orlando, for appellee MacNutt.
No appearance for appellees Thomas K. Armitage and State Farm Mut. Auto. Ins. Co.
COBB, Judge.
These companion cases pose the problem of the right of a county to assert its venue privilege when it is joined as a co-defendant with the county wherein the action is filed. In both cases, Lake County was named as a co-defendant with Sumter County, wherein the actions were filed, based on allegations of negligent maintenance of a roadway located on the boundary of the two counties. Defensive motions by Lake County and its carrier seeking dismissal for improper venue in the Friedel case and for severance and transfer in the MacNutt case were denied by the trial court. Timely interlocutory appeals pursuant to Rule 9.130(a)(3)(A), Florida Rules of Appellate Procedure, were filed.
The appellant, Lake County, contends that it has a common law privilege, as a political subdivision of the state, to be prosecuted in a tort action only in Lake County. Carlile v. Game and Fresh Water Fish Commission, 354 So.2d 362 (Fla. 1978); Williams v. City of Lake City, 62 So.2d 732 (Fla. 1953); State of Florida, Dept. of Transportation v. Bromante, 365 So.2d 388 (Fla. 4th DCA 1979). The circumstances of the county being a third-party defendant makes no difference. See, e.g., Metropolitan Dade County v. Kelly, 348 So.2d 49 (Fla. 1st DCA 1977).
Appellee Friedel argues that there should be an exception to the venue rule where two counties are joined as defendants in order to expedite adjudication, a fundamental goal of modern procedure. Shingleton v. Bussey, 223 So.2d 713 (Fla. 1969). The appellee relies on cases involving the joinder of two corporate or individual defendants situate (for venue purposes) in different *515 counties,[1] but they are readily distinguishable from the instant issue involving political subdivisions of the state. As pointed out in Carlile, there has been no legislative waiver of the venue privilege in civil negligence actions, nor does the so-called "sword-wielder" doctrine apply as an exception in the absence of an alleged unlawful invasion of the constitutional rights of the plaintiff within the county where the suit is instituted. Carlile, at 365.
In view of the clear precedent, and despite the logically persuasive reasons based upon convenience and efficiency for eliminating the venue privilege of a political subdivision under the circumstances of this case, we find that such an innovation is one which is the province of the Legislature, not the courts.
Accordingly, the orders of the trial court denying the motions of Lake County asserting its venue privilege are quashed, and this cause is remanded to the trial court for entry of orders granting said motions.
FRANK D. UPCHURCH, Jr., and SHARP, JJ., concur.
NOTES
[1] See L.B. McLeod Const. Co. v. State, 106 Fla. 805, 143 So. 594 (1932) and Doonan v. Poole, 114 So.2d 504 (Fla.2d DCA 1959).