413 So.2d 88 (1982)
Thomas G. GRICE and Lilla Grice, Personal Representatives of the Estate of Debbie Diane Grice, Appellants,
v.
BOARD OF COUNTY COMMISSIONERS OF MADISON COUNTY, FLORIDA, and Tallahassee Memorial Regional Medical Center, Inc., Appellees.
No. XX-156.
District Court of Appeal of Florida, First District.
April 1, 1982.
Rehearing Denied May 11, 1982.
Wilmer H. Mitchell of Wilmer H. Mitchell, P.A., Pensacola, for appellants.
Dominic M. Caparello of Messer, Rhodes & Vickers, Tallahassee, for appellees.
SHAW, Judge.
Appellants sued the Board of County Commissioners of Madison County, Florida, and Tallahassee Memorial Hospital for negligence in transporting their daughter, by ambulance, from Tallahassee, Florida, to Gainesville, Florida, for emergency care. The ambulance owned and operated by Tallahassee Memorial Hospital broke down in Madison County, necessitating transfer to an ambulance owned by Madison County. The second ambulance also failed, and the child was transferred to a third ambulance. Appellants filed suit in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, alleging that the defective vehicles delayed the trip by three hours, during which time the child took a turn for the worse and eventually died.
*89 When appellants sued in Leon County, Madison County asserted its home venue privilege, which allows the state or one of its agencies or subdivisions, absent waiver or exception, to be sued in the county where the state, agency, or subdivision maintains its principal headquarters. The trial judge recognized the privilege and dismissed the portion of the suit against Madison County without prejudice to refiling in that county. Appellants argue that the cause is not severable and therefore should constitute an exception to the home venue privilege. Appellees answer that the only exception is the "sword-wielder" doctrine which does not apply here.
In cases where a cause is severable and a county asserts its home venue privilege, the courts have either transferred or dismissed without prejudice that portion of the action to which the privilege attaches. See County of Volusia v. Atlantic International Investment Corp., 394 So.2d 477 (Fla. 1st DCA 1981), and Southern Gulf Utilities v. Mayo, 239 So.2d 146 (Fla. 1st DCA 1969). Appellants claim that this case is not severable, because mechanical defects in both ambulances combined to delay arrival in Gainesville by three hours. During that time, the child suffered convulsions and other complications which required care unavailable in an ambulance. It is appellants' theory that the total delay contributed to the death, and it is impossible to separate the effect of the first delay from that of the second. When alleged joint liability arises from a continuous sequence of events in separate counties, it would be highly impractical for the plaintiff and the court if separate law suits were maintained in each county.
The issue presented is whether a governmental entity may exercise its home county venue privilege when it is made a co-defendant in a suit predicated upon alleged unseverable joint tortious activity involving governmental entities from different counties, each enjoying the home venue privilege. We find no Florida case precedent on point. Our sister court, in addressing an analogous but distinguishable situation, held that eliminating the home venue privilege when co-defendants are separate counties is within the province of the legislature, not the courts. Lake County v. Friedel, 387 So.2d 514 (Fla. 5th DCA 1980). We have no quarrel with this reasoning, but in this instance the elimination of the home venue privilege is not at issue. The Florida Supreme Court in Carlile v. Game & Fresh Water Fish Commission, 354 So.2d 362 (Fla. 1978), cites with approval 34 Florida Jurisprudence Venue Section 27 which reads as follows:
It is the policy of this state to require that its officials and boards be sued in the county of their official residence, unless this privilege is waived.... Under exceptional circumstances, a complainant may be entitled to sue a public official or board in a county other than that of his or its official residence. One recognized exception to the rule exists where an unlawful invasion of a lawful right secured to the plaintiff by the constitution or laws of the jurisdiction is directly threatened in the county where the suit is instituted. Parties seeking relief from alleged threats to their personal and property rights by the operation of constitutional acts of an agency of the state may bring suit in the county where the alleged wrongs are threatened or are alleged to have been committed. But in the absence of waiver on the part of a state agency of its right, and in the absence of action bringing it within the exceptions to the rule, an action brought against a state agency in a county other than that of its official residence is subject to dismissal.
The Carlile opinion thus recognizes that there may exist exceptional circumstances under which the local venue privilege must yield. In the opinion of this court, the instant case is such an exception. The appellants allege injury flowing from the unseverable joint tortious actions of two governmental entities, each enjoying local venue privilege. The cause of action is not properly severable under the usual rules, and strict adherence to the venue privilege would result in forcing the plaintiffs (appellants) to file identical suits in separate *90 counties involving the same facts and issues. Such blind adherence to the privilege is counterproductive and contrary to the legislative purpose of promoting orderly and uniform handling of state litigation and minimizing expenditure of public funds and manpower. We therefore REVERSE the dismissal of the appellants' case against Madison County with directions to reinstate the cause in Leon County.
Due to the possible implications of this decision, and because we feel this appeal involves an issue of great public importance that will affect the administration of justice throughout the state, we certify the following question to the Florida Supreme Court:
IS AN EXCEPTION TO THE HOME VENUE PRIVILEGE CREATED WHEN A PLAINTIFF STATES AN UNSEVERABLE CAUSE OF ACTION AGAINST JOINT TORTFEASORS WHICH ARE GOVERNMENTAL ENTITIES IN SEPARATE COUNTIES?
REVERSED AND REMANDED.
McCORD and ERVIN, JJ., concur.