426 So.2d 1172 (1983)
Francisco Laureano MEDINA, Appellant,
v.
FLORIDA DEPARTMENT OF TRANSPORTATION, Appellee.
No. 82-2505.
District Court of Appeal of Florida, Third District.
February 8, 1983.
Rehearing Denied March 14, 1983.
*1173 Joel V. Lumer, Miami, Neil Chonin and Kathleen M. Phillips, Coral Gables, for appellant.
Jim Smith, Atty. Gen. and Joseph A. Linnehan, Asst. Atty. Gen., Tallahassee, for appellee.
Before HENDRY, BARKDULL and BASKIN, JJ.
BASKIN, Judge.
We reverse the trial court's order transferring venue of appellant's action to Leon County, the location of the Department of Transportation's (DOT) headquarters, thereby severing the claim against DOT from the claim against Dade County. The complaint alleged responsibility on the part of DOT for its role in locating and positioning a stop sign and in failing to turn on the traffic lights at the intersection at which Medina's automobile accident occurred.
The home venue privilege, entitling a governmental entity to be sued in the county where it maintains its headquarters, applies both to state agencies, Carlile v. Game & Fresh Water Fish Commission, 354 So.2d 362 (Fla. 1978); Florida Dept. of Transportation v. Lopez, 415 So.2d 116 (Fla. 3d DCA 1982), and to state subdivisions. Metropolitan Dade County v. Kelly, 348 So.2d 49 (Fla. 1st DCA 1977). However, we agree with the opinion in Grice v. Board of County Commissioners, 413 So.2d 88, 89-90 (Fla. 1st DCA 1982) that:
The cause of action is not properly severable under the usual rules, and strict adherence to the venue privilege would result in forcing the plaintiffs (appellants) to file identical suits in separate counties involving the same facts and issues. Such blind adherence to the privilege is counterproductive and contrary to the legislative purpose of promoting orderly and uniform handling of state litigation and minimizing expenditure of public funds and manpower.
Minimization of expenditure of public funds and manpower is, after all, the reason for permitting the common law venue privilege. Florida Public Service Commission v. Triple "A" Enterprises, Inc., 387 So.2d 940 (Fla. 1980).
Reversed and remanded for further proceedings.