SHARP, Judge.
Schultz appeals from an order of the trial court changing the venue of her cause of action, en toto, from Brevard County to Leon County. She sued Brevard County *188 and the Department of Health and Rehabilitative Services in Brevard County. Her complaint alleged they were joint tort-feasors who caused the death of her minor son by failing to monitor and keep the public from swimming in Grant Lake, which is located in Brevard County. Schultz’ son contracted a fatal disease (primary amoebic meningoencephalitis) while swimming in Grant Lake. We affirm.
At the time the cause of action accrued in this case, the state and its agencies enjoyed a common law venue privilege in civil actions wherein they could elect to be sued only in the counties in which they maintained their principal headquarters. Smith v. Williams, 160 Fla. 580, 35 So.2d 844 (Fla.1948). In Grice v. Board of County Commissioners of Madison County, 413 So.2d 88 (Fla. 1st DCA 1982), the court suggested there are exceptional circumstances in which blind adherence to the local venue privilege would defeat the legislative purposes of promoting orderly and uniform handling of state litigation and minimizing the expenditure of state funds and manpower. The Grice court found as a matter of public policy that there was an exception for joint public tortfeasors, such as in this case.
Although the Grice exception is logical and would indeed be in the public interest, we think the creation of such an exception is properly a legislative matter. Lake County v. Friedel, 387 So.2d 514 (Fla. 5th DCA 1980). The legislature has created such an exception in section 768.28(1), Florida Statutes (1981), which permits a claimant to sue a state agency or subdivision in the county where the cause of action accrues if the agency or subdivision maintains an office in that county for the transaction of its customary business. Unfortunately, this statute applies only to causes of action accruing after October 1, 1981. § 768.-28(14), Fla.Stat. (1981). The order appealed is therefore
AFFIRMED.
COBB and COWART, JJ., concur.