ORFINGER, Chief Judge,
concurring specially.
Because Lake County v. Friedel, 387 So.2d 514 (Fla. 5th DCA 1980), is a decision of this court and clearly controls the result here, I am obligated to concur in the conclusion reached by the majority. However, because I believe that Friedel’s reliance on Carlile v. Game and Fresh Water Commission, 354 So.2d 362 (Fla.1977), is misplaced and that its result is therefore incorrect, I would dissent were I free to do so.
Carlile reiterates the common-law privilege of the State or one of its agencies to be sued in the county of its principal headquarters, absent waiver or exception. In Car-lile, the Game and Fresh Water Commission was the only defendant, thus the question addressed here and in Friedel was not addressed there. So far as -I know, the Supreme Court has not addressed the issue of proper venue when: (a) a state agency is properly joined as a defendant with one or more non-governmental defendants; or (b) a state agency is properly joined as a defendant with one or more other governmental defendants who also enjoy a home county privilege (other than in Leon County).
This court recognized the problems created by the result reached in Friedel, and suggested that the solution was with the legislature. I agree that the legislature can provide a solution to the problem, but since the rule is court-made and not legislatRfely created, the courts can change it as well. Exceptions have already been recognized. The privilege does not apply if the “sword wielder” doctrine is involved. Carlile. Another recognized exception arises when title to property is involved, thus making the action “local” in the county where the land lies. Lakeland Ideal Farm & Drainage District v. Mitchell, 97 Fla. 890, 122 So. 516 (1929). As the privilege is court made, so are the exceptions.
Another exception is obviously required when the cause of action, as here, is clearly not severable. I agree with the holding' of the court in Grice v. Board of County Commissioners, 413 So.2d 88 (Fla. 1st DCA 1982), that:
The cause of action is not properly áeverable under the usual rules, and strict adherence to the venue privilege would result in forcing the plaintiffs (appellants) to file identical suits in separate counties involving the same facts and issues. Such blind adherence to the privilege is counterproductive and contrary to the legislative purpose of promoting orderly and uniform handling of state litigation and minimizing expenditure of public funds and manpower.
Id. at 89, 90. The Third District has also reached the same result in a similar factual setting. Medina v. Florida Department of Transportation, 426 So.2d 1172 (Fla. 3d DCA 1983).
The anomolous result of our holding here and in Friedel is readily apparent. Two separate actions will bring two separate results. There could be two separate recoveries for the plaintiff, when no more than one is proper. The time and expense involved in litigating two separate actions when only one cause of action exists can effectively deny a plaintiff access to the courts. The result reached in Grice and Medina is more consistent with right and justice, and because the Supreme Court has *678 not yet addressed the issue,[1] I believe that we are free to decide the question in a manner we deem correct. I would recede from Friedel and agree with Grice and Medina.[2]

. The issues of this case will be resolved by the Supreme Court’s answer to the question certified in Grice. The certified question has been docketed in the Supreme Court, No. 62,174, (June 10, 1982).

. Appellant has cited the most recent case from this court, Schultz v. Brevard County, 431 So.2d 187 (Fla. 5th DCA 1983). While that case also relies on Friedel, in affirming the trial court’s order removing the entire case to Leon County it avoids the separation of what is not a severable cause of action.