COBB, Judge,
concurring specially.
The language from Carlile v. Game & Fresh Water Fish Commission, 354 So.2d 362 (Fla.1977), which we followed in our opinion in Lake County v. Friedel, 387 So.2d 514 (Fla. 5th DCA 1980), and more recently in Schultz v. Brevard County, et al., 431 So.2d 187 (Fla. 5th DCA 1983), is clear:
. [I]n the absence of waiver on the part of a state agency of its right, and in the absence of action bringing it within the exceptions to the rule (the “sword-wielder” doctrine), an action brought against a state agency other than that of its official residence is subject to dismissal.
In the instant case, there is no contention of waiver, that title to real property is involved, or that the “sword wielder” exception applies. The argument of the appellant (and of Grice)[1] is based solely on the convenience of the party plaintiff seeking to sue a state agency. There is no leeway left by the language quoted above within which to frame a distinction based simply on the existence of multiple defendants. It should be noted that this problem has now been addressed by the Florida Legislature. See § 768.28(14), Fla.Stat. (1981), eff. Oct. 1, 1981.
Accordingly, I concur with the reversal of the trial court.

. Grice v. Board of County Commissioners, 413 So.2d 88 (Fla. 1st DCA 1982).