705 So.2d 1041 (1998)
Lawrence F. BROWN, Appellant,
v.
STATE of Florida, DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, Appellee.
No. 97-02150.
District Court of Appeal of Florida, Second District.
February 11, 1998.
Donald P. Day of Berry & Day, P.A., Naples, for Appellant.
Edward A. Dion, General Counsel, and Laura E. Taylor, Senior Attorney, Tallahassee, for Appellee.
PARKER, Chief Judge.
Lawrence F. Brown appeals the trial court's nonfinal order transferring venue of this case from Collier County to Leon County where the Florida Department of Labor and Employment Security (Department) maintains its principal office. Brown asserts that the sword-wielder exception to the home venue privilege applies to this case. We agree and reverse.
In July 1995, Brown sent a "net buy-back application" to the Department. See Art. X, § 16, Fla. Const.; § 370.0805, Fla. Stat. (1995). The Department scheduled a "net buy-back appointment," providing Brown with his eligibility status and the number of nets which qualified for reimbursement. Brown thereafter appeared with the nets, which were verified by the Department, turned over the nets, and received a "net recovery voucher." The voucher was signed by Brown and a representative of the Department and indicated the amount of money to which Brown was entitled.
Thereafter, the Department sent Brown a letter which informed him that he was not eligible for the full amount of assistance listed in the net recovery voucher. The Department then sent Brown a warrant for the reduced amount of the assistance.
Brown served the Department with his petition for formal proceedings. In response, the Department informed Brown that it was prohibited from taking any action on the petition because of an order in a separate class action case which enjoined the Department from distributing money under the net buy-back program. Thereafter, the injunction *1042 was dissolved as a result of the settlement in the class action.
Brown filed a complaint against the Department in Collier County, Florida. In his complaint, Brown alleged three counts: (1) breach of contract, (2) conversion, and (3) taking without just compensation or due process. The Department responded by filing a motion to transfer venue to Leon County, Florida, where the Department maintains its headquarters. The trial court granted the motion in April 1997.
It is well settled in Florida "that venue in civil actions brought against the state or one of its agencies or subdivisions, absent waiver or exception, properly lies in the county where the state, agency, or subdivision maintains its principal head quarters." Carlile v. Game & Fresh Water Fish Comm'n, 354 So.2d 362, 363-64 (Fla.1977). However, there is an exception to this long-standing rule known as the "sword-wielder exception." See id. at 365. The sword-wielder exception applies "when the official action complained of has ... been or is being performed in the county wherein the suit is filed, or when the threat of such action in said county is both real and imminent." Department of Revenue v. First Fed. Sav. & Loan Ass'n of Ft. Myers, 256 So.2d 524, 526 (Fla. 2d DCA 1971). Moreover, the sword-wielder exception is applicable only where the official action unlawfully infringes on the plaintiff's constitutional rights. See Carlile, 354 So.2d at 365.
The question before this court is whether the Department's actions have subjected it to the sword-wielder exception to the home venue privilege. Recently, this court issued an opinion which is directly on point and dispositive of this case. In State, Department of Labor & Employment Security v. Lindquist, 698 So.2d 299 (Fla. 2d DCA), review denied, 705 So.2d 8 (Fla.1997), this court determined that the "sword-wielder" exception was applicable where the Department took affirmative action in Lee County, Florida, by failing to comply with net buy-back agreements, and where the plaintiffs alleged an unlawful infringement on their constitutional rights. Thus, the Lindquist court concluded that the lawsuits raised by the plaintiff fishermen were properly maintained in Lee County. Because Lindquist is indistinguishable, both factually and procedurally, from the case being appealed here, we reverse the nonfinal order transferring venue to Leon County, Florida.
Reversed and remanded.
DANAHY and QUINCE, JJ., concur.