WEBSTER, Judge.
The Department of Transportation seeks review of a nonfinal order denying its motion which sought, in the alternative, either to dismiss for improper venue or to transfer venue. We have jurisdiction. Fla. R.App. P. 9.030(b)(1)(B), 9.130(a)(3)(A). Because we conclude that the Department was entitled to *842 have venue transferred to Leon County, where its headquarters is, we reverse.
Appellee filed a personal injury action in Duval County against the Department and one of its employees. The complaint alleged that the collision resulting in appellee’s injuries occurred in St. Johns County, where she resided. Although the complaint alleged that the Department maintained an office in Du-val County, it contained no similar allegation as to St. Johns County. The Department filed a motion asserting that the complaint contained no allegations which were legally sufficient to establish venue in Duval County, and requesting that the trial court either dismiss the action for improper venue or transfer venue to an “appropriate county.” The trial court denied the motion. This appeal follows.
In an action such as this, venue is proper either in the county where the state agency maintains its headquarters, Carlile v. Game & Fresh Water Fish Commission, 354 So.2d 362 (Fla.1977); or in the county where the cause of action accrued, provided that the agency maintains “an office in [that] county for the transaction of its customary business.” § 768.28(1), Fla. Stat. (1995). On the date that appellee filed her complaint, the Department’s headquarters was situate in Tallahassee, Leon County. § 334.044(4), Fla. Stat. (1995). The complaint alleged that the cause of action accrued in St. Johns County. Therefore, venue was not proper in Duval County. Because it does not appear that any evidence was presented to establish whether the Department maintained an office in St. Johns County “for the transaction of its customary business,” the only proper venue was Leon County. Accordingly, the trial court should have granted the Department’s motion, and transferred the action to Leon County. Because it denied the motion, we reverse, and remand with directions that the trial court transfer venue to Leon County.
REVERSED and REMANDED, with directions.
JOANOS and ALLEN, JJ., concur.