PER CURIAM.
Broward County appeals from a nonfinal order denying its motion to sever, bifurcate, or transfer this case to Broward County. For the following reasons, we reverse.
In Dade Circuit Court, plaintiff Robert Seitz sued Jossey Bareille, a resident of Miami-Dade County; Lucille Daughtry, also a resident of Miami-Dade County; Broward County; and GEICO Insurance. The action was for damages for injuries arising from three separate and completely unrelated automobile accidents. The accident with Bareille occurred in Miami in March 1996. In April 1996, plaintiff was driving in Broward County when his car was hit by a vehicle owned by Broward County, being driven on County business. The accident with Daughtry happened in Dade County in January 1998.[1]
Broward answered and, in an affirmative defense, asserted its home venue privilege. The County moved to sever, bifurcate, and transfer the action against Broward to Broward County. Plaintiff had not sued Broward as a joint tortfea-sor. The trial court denied the County’s motions; the County appeals.
Venue in civil actions brought against the state or one of its agencies or subdivisions, absent waiver or exception, properly lies in the county where the state, agency, or subdivision maintains its principal headquarters. See Carlile v. Game & Fresh Water Fish Comm’n, 354 So.2d 362 (Fla.1977). The County asserted its home venue privilege in its Answer and never expressly or impliedly waived that privilege. Accordingly, the trial court shall sever the Broward County action from the other two cases, and transfer it to the Seventeenth Judicial Circuit.
In oral argument, plaintiff requested that this court certify this question to the supreme court. We decline to do so, and reverse and remand with directions.
REVERSED.

. Plaintiff's claim against GEICO was for uninsured motorist benefits.