971 So.2d 138 (2007)
Denise BURCHFIELD and Robert Burchfield, Appellant,
v.
REALTY EXECUTIVES, et al., Appellee.
No. 5D06-4416.
District Court of Appeal of Florida, Fifth District.
November 30, 2007.
Scott E. Zimmer of Mancuso, Zimmer & Howell, P.A., Tampa, for Appellant.
Timothy C. Schuler and Lynn A. Brauer of Law Office of Timothy C. Schuler, Seminole, for Appellee.
LAWSON, J.
Denise and Robert Burchfield appeal the final summary judgment entered in favor of Realty Executives on the Burchfield's claim for breach of fiduciary duty. We affirm.
This case presents two narrow issues of statutory construction involving section 475.278, Florida Statutes. Enacted in 1997, this statute creates a presumption that all Florida real estate licensees "are operating as transaction brokers unless a single agent or no brokerage relationship is established, in writing, with a customer." § 475.278(1)(b), Fla. Stat. (2006). The statute further provides that "[a] transaction broker provides a limited form of representation *139 to a buyer, a seller, or both in a real estate transaction but does not represent either in a fiduciary capacity." § 475.278(2)(a), Fla. Stat. (2006) (emphasis added). In lieu of a general fiduciary duty, the statute sets forth specific duties that a transaction broker owes, including, for example, the duty to deal honestly and fairly, use skill, care and diligence, and maintain limited confidentiality. § 475.278(2)(a), Fla. Stat. (2006).
The Burchfields sued Realty Executives solely under a common law theory of breach of an implied fiduciary duty, and argue two reasons why this cause of action should have survived summary judgment notwithstanding the express statement in section 475.278 that a transaction broker is not a fiduciary. First, the Burchfields argue that the statute simply does not supplant the common law cause of action for breach of an implied fiduciary duty against a transaction broker. See, e.g., Wallace v. Odham, 579 So.2d 171, 175 (Fla. 5th DCA 1991) (applying common law rule that a "real estate broker is an agent of his principal in every sense, and when the relationship is undertaken, a fiduciary relationship is created").
Although a statute in derogation of a common law right must be strictly construed, see, e.g., Fullerton v. Florida Medical Ass'n, Inc., 938 So.2d 587 (Fla. 1st DCA 2006), we agree with the trial judge that this statute unequivocally replaces the fiduciary duty owed by real estate brokers at common law with a more narrowly defined set of statutory duties. See also Kitchen v. K-Mart Corp., 697 So.2d 1200, 1207-1208 (Fla.1997) (holding that a statute "`designed to change the common law rule must speak in clear, unequivocal terms, for the presumption is that no change in the common law is intended unless the statute is explicit'") (quoting Carlile v. Game & Fresh Water Fish Commission, 354 So.2d 362, 364 (Fla.1977)). Under this statute, which explicitly provides that a transaction broker "does not represent" either buyer or seller "in a fiduciary capacity," it is clear that no cause of action is available against a transaction broker for common law breach of an implied fiduciary duty.[1]
Second, the Burchfields argue that the statutory presumption that Realty Executives were acting as transaction brokers should not apply in this case because Realty Executives failed to provide them with a statutorily-required notice. Section 475.278(2)(b), Florida Statutes, requires all transaction brokers to provide a "separate and distinct disclosure document" either at or before the time of "entering into a listing agreement or an agreement for representation or before the showing of property, whichever occurs first." The document is required to "advise customers of the duties of limited representation" owed by a transaction broker. Id. It is undisputed that Realty Executives failed to provide the Burchfields with this disclosure statement. Under section 475.278, however, the failure to disclose does not affect the statutory presumption.[2]
Again, in clear and unambiguous language, the statute expressly limits the circumstances under which the statutory presumption can be rebutted to cases where: (a) a single agent relationship is established in writing, or (b) a no brokerage relationship is established in writing. *140 The Legislature could also have provided that the presumption would be rebutted, or simply did not apply, in cases where the agent failed to make the required disclosure. They did not. "Under the principle of statutory construction, expressio unius est exclusio alterius, the mention of one thing implies the exclusion of another." Moonlit Waters Apartments, Inc. v. Cauley, 666 So.2d 898, 900 (Fla.1996). The trial court properly applied this principle to interpret section 475.278, Florida Statutes, and properly found that failure to provide the required disclosure document does not rebut or affect the statutory presumption.
In summary, we hold that section 475.278, Florida Statutes, replaces the common law fiduciary duty owed by a transaction broker to its clients with a more narrowly-defined set of statutory duties. We also hold that the statutory presumption that a licensee is acting as a transaction broker applies in cases where the broker fails to meet the statute's notice requirement.
AFFIRMED.
SAWAYA and MONACO, JJ., concur.
NOTES
[1] In addition to the general duties set forth in the statute, a transaction broker owes any additional duties mutually agreed to with a party in writing. § 475.278(2)(a)7., Fla. Stat. (2006). Therefore, a transaction broker could be liable as a fiduciary, if the brokerage contract or other written agreement expressly creates a fiduciary relationship.
[2] Failure to provide the notice would, of course, be a basis for administrative discipline against Realty Executives.