CORTINAS, J.
Hortensia Rodriguez (the “Ward”) was influenced by her niece, Ana Perez Guzman (the “Niece”), to apply for a reverse mortgage through the Home Equity Conversion Mortgage program (the “Program”).[1] Offered in conjunction with the Program was a separate service whereby a potential applicant would receive mortgage counseling from an agency such as the Broward County Housing Authority (“BCHA”). The Ward received a one-hour telephonic counseling session and was issued a certificate confirming her completion of the session. The certificate was then presented to Circle Mortgage, who, unbeknownst to the Ward, ultimately disbursed approximately $182,000 to the Niece. Subsequently, Maria Prats, as guardian of the Ward, filed suit in Miami-Dade County against BCHA essentially alleging that, as a result of various acts and omissions by BCHA in relation to the counseling session, the Ward was deprived of her homestead rights in contravention of Article X, Section 4 of the Florida Constitution. Shortly after the lawsuit was filed, BCHA filed a motion to dismiss or transfer venue, which the trial court denied. BCHA appeals the denial and argues that it is entitled to the home venue privilege and, as such, venue is proper only in Broward County. We agree and reverse.
As we have previously held, “[i]n civil actions ‘against the state or one of its agencies, the Florida common law home venue privilege provides that venue is proper in the county where the agency maintains its principal headquarters.’ ” Sink v. E. Coast Public Adjusters, 40 So.3d 910, 912 (Fla. 3d DCA 2010) (quoting Barr v. Fla. Bd. of Regents, 644 So.2d 333, 335 (Fla. 1st DCA 1994)). The home venue privilege, however, is not absolute. Sink, 40 So.3d at 912. Here, the trial court denied the motion to dismiss or transfer on the basis that the “sword-wielder” exception to the home venue privilege applied. This exception is applicable where a “plaintiff seeks judicial protection from a real or imminent danger of invasion of the plaintiffs constitutional rights.” Id. (quoting Barr, 644 So.2d at 335). The sword-wielder exception, however, applies “only where the official action unlawfully infringes on the plaintiffs constitutional rights.” Sink, 40 So.3d at 913 (quoting Brown v. State, 705 So.2d 1041, 1042 (Fla. 2d DCA 1998)).
Under the facts of this case, we find the sword-wielder exception to BCHA’s home venue privilege to be wholly inapplicable. BCHA took no direct action against the Ward, and while BCHA’s counseling of the Ward for participation in the Program may have ultimately been exploited by the Niece and used to deprive the Ward of her homestead rights, BCHA’s actions as alleged, are insufficient to merit characterizing it as the initial sword-wielder for purposes of overcoming the home venue privilege. Accordingly, we reverse the trial court’s order and remand with instructions that venue be transferred to Broward County.
*907 Reversed and remanded with instructions.

. The Ward is an elderly woman who suffers from dementia and other ailments which have necessitated a court-appointed guardian.